No. 53,369

STATE OF KANSAS, *Appellee,* v. CELESTINO ORTIZ, *Appellant.*

(640 P.2d 1255)

Opinion filed February 27, 1982.

*K. Mike Kimball,* of Hathaway & Kimball, of Ulysses, argued the cause and was on the briefs for the appellant.

*M. Moran Tomson,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Celestino Ortiz was convicted of second degree murder and three counts of aggravated assault with a deadly weapon. These felonies occurred on October 16, 1978, in Stanton County, Kansas. Ortiz was sentenced on March 6, 1979. On April 4, 1979, he signed the following written waiver of his right to appeal:

"I have told my court appointed attorney, Richard M. Pickler of Ulysses, Kansas, that I desire to make a short statement concerning cases numbered 78-CR-37 and 79-CR-15, both having been filed and heard in the District Court of Stanton County, Kansas and in which I was the defendant in both cases. No one has promised me anything or forced me to agree to this letter or to sign the same but I have told my attorney, Richard M. Pickler, that I want to make my position clear and in order to do so, I want to state my intentions with regard to any appeals concerning the two cases that have been previously named in this letter. I understand that this letter will at the option of my attorney become a part of my file in both named cases and I have asked that this be at his option.

"Regarding case No. 78-CR-37, STATE OF KANSAS VS. CELESTINO ORTIZ, DISTRICT COURT OF STANTON COUNTY, KANSAS, I NOW STATE THAT I DO NOT WANT TO APPEAL THE SENTENCE OF THE COURT IN THAT PARTICULAR CASE TO THE SUPREME COURT OF KANSAS, and in so doing I absolve my attorney from all further liability in this matter and I consider all matters concerning this case at an end insofar as my attorney Richard M. Pickler is concerned.

"Furthermore, in case No. 79-CR-15 I also state that I do not want to appeal that case and in fact, have been so informed by the Court that upon my plea of guilty to said charge that I forego any further appeal rights on account thereof.

"This letter has been read to me by Mr. Jose Olivas of Ulysses, Kansas who has acted as my interpreter throughout the above two named cases, has read this letter to me and explained it and I am fully informed of my actions and I want to sign this letter and I do sign it of my own free will and absolve Jose Olivas of any further liability on account of same.

"EVEN THOUGH I KNOW THAT I HAVE AN ABSOLUTE RIGHT TO APPEAL THE SENTENCE HANDED DOWN IN CASE NO. 78-CR-37, I DO NOT WANT TO DO SO AND I SEPARATELY IN THIS SENTENCE EMPHASIZE THIS MATTER.

"SIGNED AND DATED THE ABOVE DATE:

　　　s/ Celestino Ortiz

"WITNESS:　s/ José M. Olivas 4-4-79　4:48 p.m.

　　　　　　Jose Olivas, Interpreter
　　　　　　April 4, 1979
　　　　　　at Johnson, Kansas"

Ortiz had lived in the United States for six or seven years and had a limited ability to speak and understand the English language. In the written waiver Ortiz directs his attorney, Richard M. Pickler, not to appeal his convictions. No appeal was filed. Over a year later on June 23, 1980, Ortiz filed a motion pursuant to K.S.A. 60-1507, asking the District Court of Stanton County, Kansas, to appoint counsel for him and to authorize counsel to file an appeal from his conviction out of time.

Ortiz alleges in the motion that he was illiterate and failed to understand his appeal rights when he signed the written waiver. He further alleges that he was misled, coerced, and tricked into signing the waiver; that he did not understand the interpreter; that he was denied effective assistance of counsel; and that he should have been afforded a hearing to determine whether he was competent to stand trial.

The district court appointed counsel as requested and counsel filed an amended motion expanding the matters stated in the first motion and requesting the right to appeal out of time. These motions did not comply with the requirements of K.S.A. 60-1507 or Rule No. 183 (228 Kan. lxxxiv). No witnesses were named to support the allegations.

The district judge considered these motions and on the basis of the files and records of the case authorized the attorney for movant to appeal the conviction out of time. The only basis for such action was the judge's statement: "However, everyone is entitled to an appeal, and if this defendant wishes an appeal, I certainly am inclined and will grant my consent to an appeal out of time."

The State urges this court to dismiss the appeal for lack of jurisdiction. In *State v. Moses,* 227 Kan. 400, 404, 607 P.2d 477 (1980), this court said:

"This court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to article 3, § 3 of the Constitution of Kansas, and when the record discloses a lack of jurisdiction it is the duty of this court to dismiss the appeal. *State v. Leopard,* 191 Kan. 581, 582, 382 P.2d 330 (1963); *Fildes v. Fildes,* 215 Kan. 622, 527 P.2d 1007 (1974).

"The filing of a timely notice of appeal is jurisdictional. The appeal in this case was not taken within the 130-day period fixed by statute, K.S.A. 22-3608 and K.S.A. 1979 Supp. 21-4603, and must therefore be dismissed."

In *Moses* we pointed out there is no provision authorizing the district courts to extend the time for appeal in criminal cases. The excusable neglect provision in K.S.A. 60-2103(*a*) applying to civil procedure is not applicable to criminal appeals because the criminal defendant is present at sentencing. He or she can hardly establish excusable neglect based on a failure to learn of the entry of judgment as is authorized by K.S.A. 60-2103(*a*).

Our attention has been directed to *Brizendine v. State,* 210 Kan. 241, 242-44, 499 P.2d 525 (1972), in which this court in a post-conviction proceeding under K.S.A. 60-1507 found it was proper under the circumstances of that case for the district court to give the appellant his choice: (1) to take an out-of-time direct appeal from the criminal conviction; (2) to appeal from the court's denial of relief in the K.S.A. 60-1507 case; or (3) to have a rehearing under K.S.A. 60-1507. The appellant chose to appeal the K.S.A. 60-1507 ruling and on appeal we affirmed the district court's ruling refusing discharge.

The basis for this procedure may be found in the federal cases cited in *Brizendine,* 210 Kan. at 244. It should be noted under *Brizendine* and under the federal cases cited in support of such action, the exception to the general rule previously quoted has been limited. An exception to the general rule stated in *State v.*

*Moses,* 227 Kan. at 404, has been recognized only in those cases where a defendant either was not informed of his or her rights to appeal or was not furnished an attorney to exercise those rights or was furnished an attorney for that purpose who failed to perfect and complete an appeal.

The exception is limited as discussed in *Norris v. Wainwright,* 588 F.2d 130, 137 (5th Cir. 1979), where it is said:

"A defendant properly informed of his appellate rights may not 'let the matter rest,' *Worts v. Dutton,* 395 F.2d 341, 344 (5 Cir. 1968), and then claim that he did not waive his right to appeal."

In *Norris* that court concluded:

"We hold that neither the sixth amendment nor the fourteenth amendment requires that the record reflect that the defendant made a knowing and intelligent decision not to appeal before he can be precluded from appellate review."

Whether the defendant made a knowing and intelligent decision to forego an appeal is subjective in nature. The courts only can be expected and required to show on the record that a defendant was advised of the right to appeal and that an attorney was or would have been appointed to assist the defendant in such an appeal. If the defendant lacks the ability to speak or comprehend the English language, an interpreter should be present, as he was in this case, to assist the court and the defendant in communicating and understanding the rights guaranteed. However, when that is done, there is no further requirement that will enable a defendant to obtain a right of appeal out of time merely because he or she asserts that no knowing and intelligent decision not to appeal was made.

In the present case the appellant had the services of an attorney throughout the proceedings. The written waiver of appeal fully disproves the allegations made in the 60-1507 motion filed over a year later. The transcript at sentencing indicates that appellant responded in English to statements and questions of both the court and appellant's attorney. Defendant had some grasp of the English language and in addition an interpreter was present and available to assure that he understood his appeal rights. The written waiver of appeal states that it was read and explained to the appellant by the interpreter. The interpreter witnessed the signature of appellant by signing the waiver instrument. No lack of fundamental fairness is shown which would justify authorizing an appeal out of time at this late date.

Under the facts and circumstances, this case does not fall within the limited exception recognized in *Brizendine v. State,* 210 Kan. 241. The filing of a timely notice of appeal is jurisdictional and the district court could not confer appellate jurisdiction on this court.

The appeal is dismissed.