No. 69,929

STATE OF KANSAS, *Appellee*, v. JESUS V. MEDINA, *Appellant.*
(887 P.2d 105)

Review of the judgment of the Court of Appeals in an unpublished decision filed March 25, 1994. Opinion filed December 22, 1994.

*J. Patrick Lawless, Jr.*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the briefs for appellant.

*E. Bernard Hurd*, assistant district attorney, argued the cause, and *Joan M. Hamilton*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The defendant, Jesus V. Medina, appealed to the Kansas Court of Appeals his conviction for aggravated battery and the denial of his motion to modify the 3- to 10-year sentence imposed. In an unpublished opinion filed March 25, 1994, the Court of Appeals affirmed his conviction for aggravated battery and held it had no jurisdiction to consider the appeal from the denial of sentence modification.

The defendant filed a petition for review with this court requesting review of the jurisdictional issue. We granted review solely on the issue of whether jurisdiction exists to consider the trial court's denial of the defendant's motion to modify the sentence imposed.

Underlying the jurisdictional problem is a mootness issue. The defendant in this case received the minimum sentence he could receive. Thus, the trial judge could only modify the sentence imposed by granting probation or placing the defendant in community corrections or by suspending the sentence. The defendant recognizes that he was convicted of an article 34, chapter 21 crime. K.S.A. 1993 Supp. 21-4618 provides in pertinent part:

"(a) Except as provided in subsection (c), probation, assignment to a community correctional services program or suspension of sentence shall not be granted to any defendant who is convicted of the commission of the crime of rape, the crime of aggravated sodomy or any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in which the defendant used any firearm in the commission thereof and such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime. This section shall not apply to any crime committed by a person under 18 years of age."

The defendant is over 18 years of age and used a firearm in the commission of the crime. K.S.A. 1993 Supp. 21-4618(c) provides: "The provisions of this section shall not apply to any crime committed by a person where such application would result in a manifest injustice."

The trial court found that the application of the mandatory prison sentence mandated by K.S.A. 1993 Supp. 21-4618(a) would not result in a manifest injustice per subsection (c).

The Topeka Correctional Facility Reception and Diagnostic Unit (TCF) recommended the defendant be placed in community

corrections, receive outpatient substance abuse counseling, and maintain stable employment. The defendant does not speak, write, or read English, and he was last employed in 1987 in an Austin, Texas, bakery. He was convicted of aggravated robbery with a deadly weapon in Austin in August 1988, at which time he apparently came to Topeka and claims to have worked seven days a week but was paid in cash.

Upon receipt of the TCF report and recommendation, the defendant was returned to court for a hearing on his motion to modify sentence. The defendant's argument was that the recommendation by TCF underscores the fact that application of the mandatory minimum sentence under 21-4618 would result in manifest injustice.

The trial court reviewed *State v. Turley*, 17 Kan. App. 2d 484, 840 P.2d 529, *rev. denied* 252 Kan. 1094 (1992), and *State v. Cramer*, 17 Kan. App. 2d 623, 841 P.2d 1111 (1992), *rev. denied* 252 Kan. 1093 (1993), prior to ruling on the issue of manifest injustice.

In *State v. Turley*, 17 Kan. App. 2d 484, the defendant was convicted of aggravated battery for shooting the victim (as was the defendant in the case before us). The Court of Appeals panel held that "[a] sentence which is 'obviously unfair' or 'shocking to the conscience' accurately and permissively characterizes one which would result in manifest injustice." 17 Kan. App. 2d 484, Syl. ¶ 2. The defendant in *Turley* had consumed a substantial amount of alcohol (as had the defendant in the case at bar), had written insufficient funds checks, and had been convicted of driving offenses. The Court of Appeals concluded that "[r]easonable persons could agree with the trial court. It was not manifest injustice to impose mandatory imprisonment for using a firearm during an altercation." 17 Kan. App. 2d at 491.

In *State v. Cramer*, 17 Kan. App. 2d 623, the defendant was convicted of involuntary manslaughter. Her defense was based on the battered woman's syndrome. The deceased had a long history of directing malicious and vicious abuse, both physical and verbal, at the defendant. The defendant argued her sentence under 21-4618 amounted to "manifest injustice." 17 Kan. App. 2d at 625. The Court of Appeals held:

"[T]he determination of whether a sentence has resulted in manifest injustice must be decided on a case-by-case basis under a 'shocking to the conscience' consideration; that is, whether the trial court has abused its discretion by imposing a sentence which is obviously unfair and shocks the conscience of the court." 17 Kan. App. 2d at 636.

The Court of Appeals panel concluded that the defendant's sentence "is within statutory limits, was imposed after consideration of all of the required statutory factors, is not obviously unfair, and does not shock our conscience." 17 Kan. App. 2d at 636-37.

After reviewing *Turley* and *Cramer*, the trial court in this case then stated the sentence imposed did not shock the conscience of the court and was not obviously unfair and that under the facts and circumstances, "the Court just simply can't make that finding."

The defendant appealed to the Court of Appeals and raised three issues. The defendant contended that since he has a recommendation that he be placed in community corrections, the trial court is bound by K.S.A. 1993 Supp. 21-4603(d)(1) which states in pertinent part:

"[T]he court . . . shall modify such sentence if recommended by the Topeka correctional facility unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification."

The defendant argued that the mandatory modification provision of 21-4603 does not exclude crimes committed with a firearm. He pointed out that the legislature enacted a prohibition against modifying sentences imposed under the "hard 40" provisions for a conviction of murder in the first degree. See K.S.A. 1993 Supp. 21-4603(j). Thus, the defendant contended the legislature knew how to exclude crimes committed with a firearm if it desired to do so. K.S.A. 1993 Supp. 21-4603 sets forth the authorized disposition of persons convicted of crimes committed prior to July 1, 1993. The defendant's bottom-line argument was that the mere fact that a person has been convicted of a felony which involves the use of a firearm does not absolve the district court of its duty to apply the provisions of 21-4603 in a case where TCF has recommended sentence modification.

The Court of Appeals raised the issue of jurisdiction and ordered the parties to brief it. That issue arises as follows: The defendant was sentenced on December 16, 1992. On December 23, 1992, trial counsel filed a notice of appeal, appealing from all judgments and the sentence imposed. That same day trial counsel filed a motion to modify the sentence. On December 29, 1992, the appellate defender's office was appointed to handle the appeal filed on December 23, 1992. On April 1, 1993, the trial court heard the motion to modify the sentence and denied it. Trial counsel represented the defendant at that hearing. On April 13, 1993, a journal entry denying the motion to modify the sentence was filed. On May 5, 1993, the defendant's appellate counsel filed a supplemental notice of appeal in the trial court, giving notice of his intent to include the denial of the motion to modify sentence in the appeal. On June 29, 1993, appellate counsel filed a docketing statement stating the issue proposed to be raised: "There was insufficient evidence to allow a rational factfinder to conclude that defendant was guilty beyond a reasonable doubt."

The Court of Appeals ordered the defendant to show cause why the appeal should not be limited to an appeal from conviction and sentence. The court noted that the original notice of appeal, filed on December 23, 1992, would divest the trial court of jurisdiction to rule on the motion to modify and that the supplemental notice of appeal was not filed within the statutory time limits. The defendant responded, and the Court of Appeals retained the appeal and ordered the parties to brief the effect of an untimely supplemental notice of appeal which attempts to raise issues not raised in a timely notice of appeal.

The Court of Appeals panel affirmed the defendant's conviction and held that it lacked jurisdiction to consider the trial court's denial of the motion to modify. We granted the defendant's petition for review of the jurisdictional issue. We are satisfied the issue is not moot because of the defendant's argument that the mandatory imprisonment for crimes involving firearms statute (K.S.A. 1993 Supp. 21-4618) is subject to the mandatory modification provision of K.S.A. 1993 Supp. 21-4603(d)(1). We do, however, question whether the issue was raised, and if not,

whether the failure to raise the issue amounts to ineffective assistance of counsel to the extent the issue should be considered even though not properly presented to the trial court.

The rules of appellate jurisdiction in criminal cases have been stated:

"The right of appeal is entirely a statutory right; no appellate review is required by the United States Constitution or the Kansas Constitution. This court has no jurisdiction to entertain an appeal by a defendant in a criminal case unless the defendant appeals within the time prescribed by the statutes providing for such an appeal. When the record discloses lack of jurisdiction, it is the duty of the Supreme Court to dismiss the appeal." *State v. Ji*, 255 Kan. 101, Syl. ¶ 1, 872 P.2d 784 (1994).

K.S.A. 1993 Supp. 22-3608(a) sets forth the time frame within which a notice of appeal in a criminal case must be filed: "If sentence is imposed, the defendant may appeal from the judgment of the district court not later than 10 days after the expiration of the district court's power to modify the sentence." The district court's power to modify the sentence generally expires 120 days after sentence is imposed. K.S.A. 1993 Supp. 21-4603(d)(1). Therefore, a notice of appeal is to be filed within 130 days of sentencing. See *Ji*, 255 Kan. 101, Syl. ¶ 2. Medina was sentenced on December 16, 1992. His notice of appeal thus could be filed no later than April 26, 1993. The first notice of appeal, filed by trial counsel on December 23, 1992, was timely.

However, the December 23, 1992, notice of appeal was limited to an appeal from "all judgments and the sentence imposed." The defendant's motion to modify was filed at the same time as the December 23, 1992, notice of appeal. Appeal from the denial of the motion to modify was not specifically mentioned until a supplemental notice of appeal was filed on May 5, 1993, more than 130 days after imposition of sentence. The May 5, 1993, notice of appeal was not timely.

In its order to show cause, the Court of Appeals questioned the filing of the untimely amended notice of appeal.

In its decision, the panel reviewed the general principles of appellate jurisdiction. The court then stated as follows:

"Defendant claims K.S.A. 60-215(c) allows his supplemental notice to relate back to his timely original notice of appeal. Nevertheless, as the State correctly

points out, K.S.A. 60-215(c) concerns the relating back of an amended civil pleading to the date of the original pleading and is inapplicable to appellate criminal procedure.

"Next, defendant contends the State was not prejudiced by the untimely filing of the supplemental notice of appeal. While this may be correct, a timely filing under K.S.A. 1993 Supp. 22-3608 is jurisdictional and cannot be waived or disregarded. Therefore, we conclude that we lack jurisdiction to consider defendant's motion to modify."

We are of the opinion this court should remand the case for a determination under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), as to why a timely notice of appeal from the denial of modification was not filed. In *Ortiz*, this court recognized in the interest of fundamental fairness an exception to the 130-day period in which to file a notice of appeal in a criminal case is granted "in those cases where a defendant either was not informed of the rights to appeal or was not furnished an attorney to perfect an appeal or was furnished an attorney for that purpose who failed to perfect and complete an appeal." 230 Kan. 733, Syl. ¶ 3. Medina also argues he has been denied effective assistance of counsel.

*Ortiz* judicially recognized, in the interest of fundamental fairness, exceptions to the strict application of the time frame within which a notice of appeal must be filed. One such exception is where the defendant was furnished an attorney who failed to perfect and complete an appeal. When a defendant is furnished with counsel who files a timely notice of appeal which fails to raise all appealable issues that have merit (see *Baker v. State*, 243 Kan. 1, 9-10, 755 P.2d 493 [1988]), the defendant has in essence been furnished an attorney who failed to perfect and complete an appeal. Counsel who files a timely but inept notice of appeal is not generally effective counsel. The rule set forth in *Ortiz* applies both where a defendant is furnished with counsel who fails entirely to perfect an appeal and also where a defendant is furnished with counsel who attempts to perfect an appeal but does so ineptly.

There is no information in the record before this court concerning why the appeal from the denial of sentence modification was not timely perfected.

We therefore remand the case to the trial court for a determination of why the notice of appeal from the denial of the motion to modify sentence was not timely filed and to determine any other issues that defendant may properly raise.

Remanded to the trial court.