(900 P.2d 874)
No. 72,915

STATE OF KANSAS, *Appellee,* v. DONDIE E. THOMAS, *Appellant.*

Opinion filed
August 11, 1995.

*Boyd R. McPherson,* of The Law Offices of Stuart W. Gribble, P.A., of Wichita, for appellant.

*Peter G. Collins*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., ELLIOTT and LARSON, JJ.

BRAZIL, C.J.: On January 13, 1992, Dondie E. Thomas pled guilty to one count of attempted possession of cocaine, contrary to K.S.A. 1991 Supp. 21-3301 and K.S.A. 1991 Supp. 65-4127a. He was sentenced to two to five years in prison. On November 30, 1993, the Kansas Department of Corrections issued a sentencing guidelines report finding Thomas ineligible for retroactive application of the Kansas Sentencing Guidelines Act (KSGA). Thomas filed a motion for a hearing regarding conversion of his sentence and objecting to the sentencing guidelines report.

At a hearing on January 31, 1994, Thomas was represented by a deputy public defender who was simultaneously representing a substantial number of similarly situated inmates. Following this hearing, on February 9, 1994, the trial court filed a journal entry denying Thomas' motion for conversion to a KSGA sentence based upon his crime severity level of 4 on the drug grid and his criminal history classification of C.

On September 13, 1994, more than seven months after the trial court filed its journal entry, Thomas filed a notice of appeal from the trial court's order finding him ineligible for conversion. On September 21, 1994, Thomas filed a motion to permit notice of appeal out of time. That motion alleged the prior notice of appeal was untimely "due to the inadequacy of the Public Defender's Office in failing to notify the defendant of the disposition of his case and that said defendant had a right to appeal the decision in this matter." On September 30, 1994, the trial court held a hearing on Thomas' motion, and similar motions filed by other inmates, at which both the prosecutor and Thomas' public defender appeared and argued, although neither was sworn to testify. The public defender explained that this case was one of a group of similar cases and argued:

"The defendants in this batch of cases have never been informed of the results of the hearings, only that they knew they had filed an objection. So, they were not notified of the finality of the hearings or a result had been reached; additionally

were not informed of any right to appeal the decisions that were reached in those cases.

"As such, we are asking under *State v. Ortiz*, 230 Kan. 733, it's our belief that fundamental fairness would require these defendants be allowed to file an appeal out of time and to proceed through the appellate process."

The State explained that a prosecutor and a public defender representing several inmates "sat down, went over the files and came to an agreed-upon disposition how the motions to convert should be disposed of." The State argued that appeals out of time would be improper in light of the fact that the public defender agreed to the disposition of the cases.

After hearing arguments of counsel, the trial court denied Thomas' motion to file a notice of appeal out of time. It reasoned that the nub of the inmates' argument was that they had all been provided incompetent counsel and that issue had to be resolved on a case-by-case basis through another remedy, such as a K.S.A. 60-1507 motion. It is from this decision denying his motion to file a notice of appeal out of time that Thomas timely brings this appeal.

Thomas argues the trial court erred in refusing to permit him to appeal out of time based on *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). It is well established that although a court generally lacks jurisdiction to consider an untimely appeal, an exception exists where the defendant was not informed of the right to appeal, was not furnished an attorney to perfect an appeal, or was furnished an attorney to perfect an appeal but the attorney failed to do so. *State v. Medina*, 256 Kan. 695, Syl. ¶ 3, 887 P.2d 105 (1994); *Ortiz*, 230 Kan. at 735-36.

The State agrees that Thomas meets the requirements of *Ortiz* because he was not informed of his right to appeal. Nevertheless, the State argues Thomas was bound by purported stipulations of his attorney that he was ineligible for retroactive application of the KSGA. Thomas' eligibility for conversion under the KSGA is not properly before us. The only issue for our consideration is whether the trial court erred in denying Thomas permission to appeal out of time.

Although the State concedes Thomas meets the requirements set forth in *Ortiz*, that does not end our inquiry. The rule devel-

oped in *Ortiz* allowing appeals out of time was developed in the interest of fundamental fairness. *Medina,* 256 Kan. at 701. Our review of the record convinces us that permitting an appeal out of time in Thomas' case would not substantially further this interest.

We note first that there is no record of the proceedings in which the prosecutor and public defender resolved Thomas' case. This would drastically limit our ability to resolve any purported errors if an appeal were permitted. See *State v. Gonzales,* 245 Kan. 691, 699, 783 P.2d 1239 (1989) (appellant has burden to furnish record affirmatively establishing error; trial court otherwise assumed to act properly). Moreover, if we were to hear an appeal we would be limited to considering those issues the record shows were raised and resolved in the trial court. See, *e.g., State v. Johnson,* 253 Kan. 75, 91, 853 P.2d 34 (1993); *State v. Trotter,* 245 Kan. 657, 658-59, 783 P.2d 1271 (1989). Given the apparent agreement of the public defender that Thomas was ineligible for retroactive application of the guidelines, no issues could properly be brought before us. In addition, any error in the trial court's ruling would have been invited by the public defender representing Thomas. "A litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal." *State v. Prouse,* 244 Kan. 292, 298-99, 767 P.2d 1308 (1989). Consequently, were Thomas allowed to appeal out of time, no relief would be available; therefore, fundamental fairness does not justify permitting an untimely appeal in this case.

Second, while we consider the State's reliance on the civil case of *In re Sandstrom,* 224 Kan. 293, 580 P.2d 1310 (1978), for the principle that a client is bound by the stipulation of counsel, to be misplaced, it is clear in criminal cases that a defendant is bound by the tactical decisions of counsel made with proper consultation with the client. *State v. Nixon,* 223 Kan. 788, Syl. ¶ 5, 576 P.2d 691 (1978); see generally *State v. Tyus,* 232 Kan. 325, 331-33, 654 P.2d 947 (1982); *State v. Rambo,* 10 Kan. App. 2d 418, 699 P.2d 542, *rev. denied* 237 Kan. 888 (1985). Any challenge to Thomas' counsel's tactical decisions in the conversion hearing would therefore be based on his counsel's ineffectiveness. Such an allegation of ineffectiveness of counsel could not be considered for the first

time on appeal. See *State v. Hall*, 246 Kan. 728, 753, 793 P.2d 737 (1990).

Our determination that the *Ortiz* exception does not apply when an appeal would clearly raise no issues this court could address is consistent with our statutory directive to disregard irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining. K.S.A. 60-2105.

Our decision that the trial court properly denied Thomas' untimely appeal in no sense eliminates Thomas' ability to seek relief if the trial court's determination that he was ineligible for conversion is erroneous. If he wishes to challenge the effectiveness of his counsel, he may file a motion under K.S.A. 60-1507. See *State v. Van Cleave*, 239 Kan. 117, 119-20, 716 P.2d 580 (1986).

Affirmed.