(934 P.2d 987)

No. 74,726

STATE OF KANSAS, *Appellee*, v. STEVEN E. PARKER, *Appellant*.

Opinion filed March 14, 1997.

*Elizabeth Seale Cateforis*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, P.J., LEWIS, J., and PHILIP L. SIEVE, District Judge, assigned.

LEWIS, J.: Defendant entered a plea of guilty to two counts of aggravated indecent liberties with a minor. He was given a minimum presumptive sentence of 49 months on each count with the sentences to run concurrently. At this time, defendant appeals from the trial court's decision that his appeal was untimely and that the *Ortiz* exceptions did not apply.

We affirm.

After entering his plea of guilty to the charges, defendant prepared for the sentencing hearing. He drew up a written 8- to 10-page statement, which contained his remarks concerning sentencing. His attorney mailed a copy of this document to the trial court prior to sentencing. Defendant's attorney explained to the trial court that defendant did not want to read the entire statement into the record at sentencing and requested the trial court to read the statement prior to sentencing defendant.

At defendant's sentencing, his counsel said, among other things:

"[The defendant] has presented a speech, if you will, prepared it, mailed it to me, and I forwarded it to you. Rather than have him read it all into the record, I furnished a copy, of course, to the District Attorney's office. The speech, if you will, or *his comments that he had intended to make to this Court*, certainly in his own words, acknowledge guilt, remorse. In fact, he offered and thought it might be beneficial to outwardly identify himself as a child molester and give speeches to school children regarding the dangers of people like him, and encouraging them of course to be careful about their persons and their bodies and the like. He prepared an almost eight to ten page letter. But, again, I would not have him read, but again it indicates his acceptance of the situation, his understanding of the problem, and his willingness to, as he puts it, make restitution or repayment to society for the wrong this has caused." (Emphasis added.)

The trial court then sentenced defendant as described without addressing him further or inquiring whether he desired to make a statement.

Defendant also made a request for a downward departure, which was denied by the trial court. Subsequently, defendant filed a motion to modify his sentence, asked the court to reduce his sentence, and, at this point, argued he was never given his right to allocution. The trial court concluded that it had no authority to resentence defendant or to modify his sentence and denied the motion.

Defendant then appealed the denial of his motion to modify to this court. We concluded that defendant's notice of appeal was untimely and issued an order inviting him to show cause why we should not dismiss his appeal.

Defendant made a formal response to our show cause order and argued that under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), he was entitled to proceed with his appeal even though it was not timely filed. We remanded the case for an *Ortiz* hearing, and asked the trial court to determine if any of the *Ortiz* exceptions applied in this case.

On remand, the trial court found that none of the *Ortiz* exceptions applied. This appeal is from the order on remand.

The trial court announced its decision in part as follows:

"6. Although the defendant's notice of appeal is untimely with respect to the sentence he received, fundamental fairness allows for the consideration of such an appeal on the merits if the defendant 1) was not informed of the right to appeal; 2) was not furnished an attorney to perfect an appeal; or 3) was furnished an attorney for that purpose who failed to perfect and complete an appeal. *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982). The *Ortiz* exceptions do not apply when an appeal would clearly raise no issues an appellate court could address. *State v. Thomas*, 21 Kan. App. 2d 504, Syl. ¶ 6, 900 P.2d 875 (1995).

"7. The court determines that the *Ortiz* exceptions do not apply here, for the following reasons:

"a. The defendant expressed a desire, both in the November 21, 1994 letter to the court and at the December 9, 1994 sentencing hearing, to address the court through his letter rather than in person. If the court erred in failing to provide the defendant with his right to allocution, the defendant invited the error and is thus precluded from raising the issue on appeal. See *Thomas*, 21 Kan. App. 2d at 507 (a defendant may not lead a trial court into error and then complain of the court's action on appeal).

"b. The defendant received the presumptive sentence for his crimes of conviction. A presumptive sentence may not be appealed, even if a motion to depart is denied. *State v. Myers*, 20 Kan. App. 2d 401, Syl. ¶¶ 1-2, 888 P.2d 666 (1995).

"c. Sentence modification is not possible under the guidelines except to correct arithmetic or clerical errors. See K.S.A. 1994 Supp. 21-4603d; K.S.A. 1994 Supp. 21-4721(i). The sentencing court properly ruled it was without jurisdiction to consider the defendant's motion for resentencing and reconsideration.

"d. When the district court is without jurisdiction to consider a matter, the appellate court is also without jurisdiction. *Dinkel v. Graves Truck Line, Inc.*, 10 Kan. App. 2d 604, Syl. ¶ 1, 706 P.2d 470 (1985). The single issue raised by the

defendant in his notice of appeal relates to his motion for resentencing and reconsideration and cannot be addressed on the merits."

The question we must resolve on this appeal is whether any of the exceptions set forth in *Ortiz* excuse defendant from not filing a timely appeal. This is a question of law over which we have unlimited review. See *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

On remand, the trial court held no formal hearing, nor did it appoint counsel for defendant. Defendant complains about those failures of the trial court. We have examined the record, and the record does not show that defendant requested either a hearing or an attorney on remand. Further, we know no authority, and defendant does not cite us any, which required the trial court to hold a formal hearing or appoint an attorney to represent defendant on remand.

When defendant responded to our show cause order, he raised certain factual issues. He now complains the trial court did not consider those issues. The response to our show cause order is not a part of the trial court's record on appeal. Neither does it appear from our reading of the record that the trial court was ever asked to consider these issues on remand. Our order of remand required the trial court only to determine whether any of the *Ortiz* exceptions applied in this case. This is precisely what the trial court did, and in an absence of an indication that the trial court was asked to determine other issues, we are unable to say that it erred in not doing so.

We hold the trial court was correct in finding that *Ortiz* did not apply under these circumstances, and we believe the trial court gave the proper explanation for that holding.

At sentencing, defendant, through his attorney, gave every impression that he was waiving formal allocution by submitting his lengthy written statement to the court. Defendant's attorney invited the court to proceed without formal allocution and, at one point, admitted as much to the trial court. Our reading of the record indicates that it was the desire of defendant and his attorney that the trial court consider the comments made in the written statements in lieu of any further comment by defendant.

Under *State v. Thomas*, 21 Kan. App. 2d 504, Syl. ¶ 3, 900 P.2d 874 (1995), we held: "A litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal."

We consider, after our examination of the record, that defendant invited the trial court to sentence him without formal allocution. His invitation was accepted, and he is not now permitted to complain of the trial court's decision on appeal.

Further, even assuming the trial court might have erred in relying on the statements of defendant's attorney, that error can be nothing more than harmless. In *State v. Hunt*, 257 Kan. 388, Syl. ¶¶ 9, 10, 894 P.2d 178 (1995), the court stated:

"K.S.A. 1994 Supp. 22-3424(4) states in pertinent part: 'Before imposing sentence the court shall: . . . (d) address the defendant personally and ask the defendant if the defendant wishes to make a statement on the defendant's own behalf and to present any evidence in mitigation of punishment.' This provision in K.S.A. [1994 Supp.] 22-3424(4) establishes the right of a defendant to allocution, and this right is not waived by the defendant's silence or by argument of counsel."

"For a defendant to successfully assert error based upon a denial of the opportunity to present evidence in mitigation of punishment pursuant to the right to allocution in K.S.A. 1994 Supp. 22-3424(4), *the defendant must make a proffer of the contemplated evidence* comparable to that required by K.S.A. 60-405." (Emphasis added.)

See K.S.A. 22-3424(e), which reads the same as K.S.A. 1994 Supp. 22-3424(4).

*Hunt* is applicable here. Defendant made no proffer at any stage in the original proceedings, on remand, or on appeal as to what he would have said had the court asked him if he had any comments he wished to make prior to sentencing. Under those circumstances, if it was error for the trial court to rely on defendant's attorney's statements that defendant did not desire formal allocution, that error was harmless only.

Under our decision in *State v. Thomas* where the only errors asserted on appeal were either invited or harmless, this appeal does not present an issue which we can address. See 21 Kan. App. 2d 504, Syl. ¶ 6. As we said in *Thomas*, the *Ortiz* exceptions do not apply when the appeal can clearly raise no issues which the court can address.

Finally, there exists the inescapable fact that defendant pled guilty and received the minimum presumptive sentence for his crimes. In *State v. Myers*, 20 Kan. App. 2d 401, Syl. ¶¶ 1, 2, 888 P.2d 866 (1995), we held that a presumptive sentence may not be appealed even if a motion to depart is denied. We went on to say:

"To us, the language of K.S.A. 1993 Supp. 21-4721(c)(1) is clear. Neither the defendant nor the State may appeal a sentence that falls within the presumptive range, even if the trial court has denied a motion for departure. The legislative intent and wording of the statute plainly does not allow appeal when the sentence given falls within the sentencing range (grid block) for the crime and criminal history." 20 Kan. App. 2d at 403.

Defendant in this case seeks to appeal from a presumptive sentence by claiming he was not given his right to allocution. It is through that issue that he seeks to have us set aside a presumptive sentence which is unappealable. We believe the law in this state clearly bars an appeal in a case of this nature. *Ortiz* does not and cannot afford an appeal to a defendant where one does not exist by law. Under the facts shown, we have no jurisdiction to entertain defendant's appeal from a presumptive sentence, and *Ortiz* does not operate to supply such jurisdiction.

Affirmed.