(25 P.3d 145)

No. 83,277

STATE OF KANSAS, *Appellee,* v. PETER J. DUGAN, *Appellant.*

Opinion filed
May 11, 2001.

*Kathryn B. Wall*, assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*David L. Miller*, county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before PIERRON, P.J., GREEN and BEIER, JJ.

GREEN, J.: Peter J. Dugan appeals the trial court's determination that the *State v. Ortiz,* 230 Kan. 733, 640 P.2d 1255 (1982), exceptions to the requirement of a timely filed notice of appeal do not apply in this case. On appeal, Dugan argues that the trial court erred in making this determination. We disagree and affirm.

Dugan pled guilty to robbery as the result of a plea agreement with the State. On May 26, 1998, Dugan was sentenced. At sentencing, Dugan's attorney requested a dispositional departure, noting that Dugan fell within a presumptive incarceration box on the sentencing grid. The trial court denied Dugan's motion after finding insufficient compelling reasons for a departure. Dugan was

sentenced to the presumptive sentence of 41 months' incarceration.

On April 8, 1999, nearly a year after he was sentenced, Dugan filed a notice of appeal. On September 7, 1999, this court remanded the case to the trial court for a determination of whether the statutory requirement of a timely filed notice of appeal could be excused under one of the exceptions set forth in *Ortiz*.

At the *Ortiz* hearing, Dugan's trial attorney, Patrick Lewis, testified that he told Dugan that the denial of a motion for dispositional departure could not be appealed. Lewis further testified Dugan indicated that he wanted to appeal the denial of the departure motion despite the rule prohibiting such an appeal, and Lewis believed he told Dugan he could file a pro se appeal. The trial court determined that the case law exceptions of *Ortiz* did not apply.

The sole issue on appeal is whether the trial court erred in finding that the exceptions set out in *Ortiz* are not applicable to condone Dugan's tardy filing of his notice of appeal. Dugan contends that his untimely appeal should be excused by his attorney's failure to perfect an appeal that he requested. The State, on the other hand, contends that because a presumptive sentence is not appealable, the *Ortiz* exceptions are not applicable.

Whether any of the exceptions set forth in *Ortiz* excuse Dugan from not filing a timely appeal is a question of law over which this court has unlimited review. See *State v. Parker*, 23 Kan. App. 2d 655, 658, 934 P.2d 987, *rev. denied* 262 Kan. 967 (1997).

In *State v. Thomas*, 21 Kan. App. 2d 504, 506-07, 900 P.2d 874 (1995), Thomas attempted to appeal the finding that he was ineligible for retroactive application of the Kansas Sentencing Guidelines Act, an issue that could not be appealed because he was bound by his stipulation that he was ineligible for retroactive application. On appeal, Thomas argued that the trial court erred in refusing to permit him to appeal out of time based on the *Ortiz* exceptions. The *Thomas* court noted that "[t]he rule developed in *Ortiz* allowing appeals out of time was developed in the interest of fundamental fairness," however, fundamental fairness did not justify permitting Thomas' untimely appeal because "were Thomas allowed to appeal out of time, no relief would be available." The

*Thomas* court concluded by holding "the *Ortiz* exception does not apply when an appeal would clearly raise no issues this court could address." 21 Kan. App. 2d at 506-08.

The court relied on *Thomas* in *Parker,* 23 Kan. App. 2d at 659. In that case, Parker sought to appeal from a presumptive sentence by claiming he was not given his right to allocution. The *Parker* court found that because a presumptive sentence may not be appealed, even when a motion to depart is denied, "*Ortiz* does not and cannot afford an appeal to a defendant where one does not exist by law." 23 Kan. App. 2d at 660.

Similarly, Dugan's original appeal raises an issue this court is precluded from addressing. K.S.A. 21-4721(c)(1) states that a defendant may not appeal a sentence that falls within the presumptive range, even if the trial court denied a motion for departure. See *State v. Flores,* 268 Kan. 657, 659, 999 P.2d 919 (2000). The *Ortiz* exception cannot operate to save Dugan's untimely appeal because the appeal raises no issues this court could address. Because this court lacks jurisdiction to entertain Dugan's original appeal from a presumptive sentence and because *Ortiz* does not operate to supply such jurisdiction, the trial court did not err in finding that the *Ortiz* exceptions do not save Dugan's untimely appeal.

Finally, the State has moved for attorney fees on appeal and costs for reproducing its brief under Supreme Court Rule 7.07(c) (2000 Kan. Ct. R. Annot. 52). The State contends that it is entitled to attorney fees because Dugan's appeal is frivolous in that he appealed the imposition of a presumptive sentence which is precluded under K.S.A. 21-4721(c)(1).

Rule 7.07(c) provides: "If the appellate court finds that an appeal has been taken frivolously . . . it may assess against an appellant or appellant's counsel, or both, the cost of reproduction of the appellee's brief and a reasonable attorney fee for the appellee's counsel."

Although this rule appears to give the appellate courts blanket authority to order attorney fees based on frivolous appeals, Kansas follows the American Rule that courts do not have authority to award attorney fees except when authorized by statute or agreed to by the parties. See *United States Fidelity & Guaranty Co. v.*

*Maish*, 21 Kan. App. 2d 885, 905, 908 P.2d 1329 (1995). Likewise, a court does not have authority to impose attorney fees under its equitable powers in the absence of statutory authorization. 21 Kan. App. 2d at 906. See *Golconda Screw, Inc. v. West Bottoms Ltd.*, 20 Kan. App. 2d 1002, 1009-10, 894 P.2d 260 (1995).

Unlike K.S.A. 2000 Supp. 60-211, which provides for assessment of attorney fees against an opposing party in frivolous civil matters, there is no statutory authority imposing liability for filing frivolous motions or papers in a criminal case. As a result, this court lacks authority to award the State attorney fees on appeal.

The State also requests costs for reproducing its brief under Rule 7.07(c). We agree with the State's characterization of Dugan's appeal as "frivolous." In *Blank v. Chawla*, 234 Kan. 975, 982, 678 P.2d 162 (1984), the court defined a frivolous appeal as one in which no justiciable question has been presented and the appeal is readily recognized as devoid of merit in that there is little prospect that it could succeed. This case fits that definition. Dugan's untimely appeal on the merits failed to raise a justiciable question because his presumptive sentence may not be appealed. Moreover, his appeal on the denial of the *Ortiz* exceptions is based on his original appeal which was devoid of merit. As a result, we award the State judgment against Dugan in the amount of $31.20 for the costs of printing its briefs. We stress that the award is assessed against Dugan personally, not his appellate defender, because Dugan insisted on the initial appeal even though his trial counsel told him the presumptive sentence was not appealable.

Affirmed.