IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 108,275

STATE OF KANSAS,
*Appellee*,

v.

REBECCA WINGO,
*Appellant.*

SYLLABUS BY THE COURT

Non-sex offenders seeking to avoid retroactive application of provisions of the Kansas Offender Registration Act (KORA) must, in order to satisfy the "effects" prong of the test set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), produce a record that distinguishes—by the "clearest proof"—KORA's effect on those classes of offenders from the Act's effects on sex offenders as a class.

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 7, 2013. Appeal from Crawford District Court; DONALD R. NOLAND, judge. Opinion filed August 11, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Michael Gayoso, Jr.*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

STEGALL, J.:  Rebecca Wingo pled no contest to one count of second-degree intentional murder. She committed this offense on May 21, 2010. At that time, the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, required those convicted of second-degree intentional murder to register as a violent offender for 10 years. K.S.A. 2009 Supp. 22-4902(d)(3); K.S.A. 22-4906(a). By the time the district court sentenced her in November 2011, however, the legislature had amended KORA, raising the registration period to 15 years. See K.S.A. 2011 Supp. 22-4906(a)(1)(G); L. 2011, ch. 95, sec. 6. The district court sentenced Wingo to 155 months' imprisonment and ordered her to register for 15 years.

In January 2012, Wingo filed a pro se motion to modify sentence, generally asking the court to reconsider her sentence, but the district court denied the motion, finding that it had lost jurisdiction over the case. In May 2012, Wingo sent a letter to the district court stating she wished to appeal "everything." After issuing an order to show cause, the Court of Appeals permitted Wingo to take a direct appeal pursuant to *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982).

Wingo's sole argument on appeal is that requiring her to register for 15 years—as opposed to 10—violates the Ex Post Facto Clause of the United States Constitution. She contends that at the very least the public notice provisions of KORA constitute punishment. The Court of Appeals declined Wingo's invitations, holding that registration in its entirety is not punishment. Thus it held that the 2011 amendments could be applied retroactively to Wingo, and she was required to register for 15 years. *State v. Wingo*, 108,275, 2013 WL 2936088, at *2-3 (Kan. App. 2013) (unpublished opinion). We granted her petition for review.

2

We recently analyzed KORA in this context using the intent-effects test set forth by the United States Supreme Court and concluded lifetime sex offender registration does not constitute "punishment" for purposes of applying any provision of the federal Constitution. *State v. Petersen-Beard*, 304 Kan. 192, 198-209, 377 P.3d 1127 (2016) (relying on the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 [1963]). We therefore held that the 2011 version of KORA could not violate federal prohibitions against cruel and unusual punishment. See 304 Kan. at 208. And not long ago, we "explicitly extend[ed] the holding of *Petersen-Beard* to apply to ex post facto challenges." *State v. Reed*, 306 Kan. ___, ___ P.3d ___ (2017) (No. 110,277, filed August 4, 2017), slip op. at 8.

Therefore, to prevail, Wingo must demonstrate that violent offenders as a class are sufficiently distinguishable from the class of sex offenders such that the effects of the law become punitive rather than civil when applied to violent offenders. We recently confronted a nearly identical question in *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (2017) (No. 110,520, filed August 4, 2017). In that case, we declined to hold that KORA registration is punishment where "the record . . . is insufficiently developed for [the defendant] to persuasively argue KORA's allegedly punitive effects on drug offenders as a class separate and distinct from sex offenders." *Meredith*, 306 Kan. at ___, slip op. at 6; see *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003) ("Because we 'ordinarily defer to the legislature's stated intent,' [citation omitted] '"only the clearest proof" will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty,' [citations omitted]."); see also *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996) (holding that the legislature's intent in enacting KORA was to create a nonpunitive civil regulatory scheme); *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016) (upholding *Myers*' determination that the legislature intended to enact a nonpunitive scheme), *overruled on other grounds by Petersen-Beard*,

3

304 Kan. 192. We further explained in *Meredith* that such an inquiry "requires a robust record because the effects prong of the applicable legal test obliges an appellate court to premise its legal conclusion on at least some fact-intensive questions." *Meredith,* 306 Kan. at ____, slip op. at 10.

Wingo's claim suffers from the same flaw. She is unable to satisfy the "clearest proof" standard because the record below has not been sufficiently developed. As a result, we cannot—at this time—hold that KORA's registration requirements as applied to violent offenders are punishment and subject to the limitations of the Ex Post Facto Clause.

Affirmed.

* * *

BEIER, J., dissenting:  Consistent with my votes in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016); *State v. Reed*, 306 Kan. ___, ___ P.3d ___ (No. 110,277, filed August 4, 2017); and *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017), I respectfully dissent from the majority's decision in this case. "Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us." *Meredith*, 306 Kan. at ___, slip op. at 11-12 (Beier, J., dissenting).

ROSEN and JOHNSON, JJ., join the foregoing dissent.