NOT DESIGNATED FOR PUBLICATION

No. 122,814

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA DAVID SONDAG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; RICKLIN PIERCE, judge. Opinion filed January 22, 2021. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: Joshua David Sondag appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Sondag's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded and asks us to affirm the district court's judgment. Finding no error, we affirm the district court.

Sondag committed aggravated battery and robbery in April 2018. In November 2018, he pled no contest to both crimes in exchange for the State's agreement to either recommend probation or to not oppose a motion for a dispositional departure. On

December 18, 2018, the district court sentenced Sondag to 194 months' imprisonment but granted his motion for a dispositional departure to probation for 36 months.

Sondag's probation failed from the start. On February 7, 2019, the State moved to revoke Sondag's probation, alleging that he (1) failed to attend a scheduled office visit; (2) admitted to using methamphetamine and marijuana; (3) failed to attend his drug and alcohol evaluation; (4) failed to submit to a drug test; and (5) could not be reached and had not been seen since January 25, 2019.

Sondag was arrested on the probation violation warrant in August 2019. At a hearing on December 20, 2019, Sondag admitted the probation violations. Sondag's intensive supervision officer (ISO) testified that Sondag was arrested in Sedgwick County, which was another violation of his probation. The district court revoked Sondag's probation and ordered him to serve his original sentence, finding he had received a dispositional departure, he absconded from probation, and he was not amenable to probation. Sondag moved to file his notice of appeal out of time and the district court granted his motion under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982).

On appeal, Sondag argues the district court abused its discretion in revoking his probation because he had no prior violations or sanctions and revocation did not serve his best interest because he needed inpatient treatment for drugs and alcohol. This court reviews the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party asserting the district court abused its discretion bears the burden of proving it. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In this case, K.S.A. 2017 Supp. 22-3716 outlines the procedure for revoking the defendant's probation. It provides that once a defendant has violated the conditions of probation, the district court must apply a series of intermediate sanctions before revoking probation. K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(D). But there are some exceptions that allow the district court to revoke the defendant's probation without first imposing intermediate sanctions, including if the assignment to community correctional services was granted as the result of a dispositional departure. K.S.A. 2017 Supp. 22-3716(c)(9)(B).

Although Sondag argues he had received no prior sanctions, he concedes that he received a dispositional departure. Sondag's crimes were committed after July 1, 2017, so the dispositional departure exception applies to his case. See *Coleman*, 311 Kan. at 337. As a result, the district court had the statutory authority to revoke Sondag's probation without imposing any intermediate sanctions. See K.S.A. 2017 Supp. 22-3716(c)(9)(B). Thus, the district court did not commit an error of law or fact when it revoked Sondag's probation.

To the extent Sondag claims the district court's decision was unreasonable because he had no prior violations or he needed inpatient treatment, he fails to establish that no reasonable person would take the position of the district court. The district court granted Sondag a dispositional departure even though he faced a long prison term. A little over a month after sentencing, Sondag's ISO could not reach or find Sondag. He also admitted to using drugs and failing to attend his drug and alcohol evaluation. When he was arrested on these violations, six months after the State filed the motion to revoke, he was found in a different county. On these facts, a reasonable person could take the same position as the district court that Sondag's probation needed to be revoked. As a result, we find the district court did not abuse its discretion in revoking Sondag's probation.

Affirmed.

3