NOT DESIGNATED FOR PUBLICATION

No. 126,502

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LESLIE DEAN WILKERSON,
*Appellant*,

v.

CITY OF ATCHISON,
*Appellee*.

MEMORANDUM OPINION

Appeal from Atchison District Court; JOHN J. BRYANT, judge. Submitted without oral argument. Opinion filed February 21, 2025. Affirmed.

*Charles Joseph Osborn*, of Osborn Law Office, LLC, of Leavenworth, for appellant.

*Robert D. Campbell*, of Campbell Law Office, P.A., of Atchison, for appellee.

Before COBLE, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: Leslie Dean Wilkerson was upset with the squirrels damaging his property and decided to shoot them with his air rifle in violation of Atchison City Ordinance No. 6666 § 10.6. In his timely filed appeal from his district court conviction, Wilkerson argues there was insufficient evidence to find him guilty of shooting his air rifle within the city limits of Atchison. The City responds by arguing that Wilkerson failed to properly follow the procedure to appeal a municipal court decision to the district court and further failed to timely file his appeal with us. We find both parties' arguments unpersuasive. We have jurisdiction to hear Wilkerson's appeal, and there was sufficient

1

evidence to find Wilkerson guilty of discharging an air rifle in the City of Atchison. Thus, we affirm his conviction.

FACTUAL AND PROCEDURAL BACKGROUND

Wilkerson was charged with discharging an air rifle within the city limits on October 16, 2021, in violation of the Atchison ordinance making it unlawful to discharge an air rifle within the city. Wilkerson appeared before the municipal court and entered a plea of not guilty.

Upon Wilkerson's not guilty plea, a trial was held and Wilkerson was found guilty. Wilkerson was fined $50, assessed court costs, and required to post a $130.50 appearance bond to appeal.

The next day, Wilkerson filed a notice of appeal in the district court. The City moved to dismiss Wilkerson's appeal for lack of jurisdiction due to Wilkerson's failure to timely post an appearance bond with the municipal court. The district court denied the City's motion to dismiss as the record reflects Wilkerson posted the required appearance bond with the City.

The matter proceeded to a bench trial on October 27, 2022. The City called two witnesses: Greg Peterson of the Atchison Police Department and Kenneth S. Hamada, Wilkerson's next-door neighbor. Hamada and Wilkerson were not happy neighbors and because of their difficulties, Hamada installed cameras on his house for home security with one directed at Wilkerson's house.

Peterson testified he responded to Hamada's home on October 16, 2021, in response to a 911 call about a neighbor shooting an air rifle towards his property. Peterson explained Hamada said he was at home that afternoon when he heard the

2

discharge of two or three rounds from an air rifle. Hamada told Peterson that Wilkerson was the neighbor who discharged the air rifle but Hamada did not see Wilkerson shooting the air rifle.

Peterson testified he walked along the fence line separating the two properties to check for damage and discovered a dead squirrel. Peterson testified that the squirrel was in rigor mortis and had a small possible entry wound with some blood. Two photographs of the squirrel taken at the scene were admitted into evidence. Peterson said he tried to contact Wilkerson at his house but was unable to make contact.

Peterson continued his testimony stating he received a video recording from Hamada's camera showing a man standing on Wilkerson's front porch shouldering a rifle and aiming it towards Hamada's property. The video does not clearly show Wilkerson's face, but Hamada and Peterson both testified it was Wilkerson in the video.

About a week later, Peterson returned to Wilkerson's house in response to another call from Hamada. At that time, he was able to speak with Wilkerson. During their conversation, Wilkerson admitted to Peterson he was outside his house with a rifle and went on to say, "'It was just a pellet gun.'" Wilkerson tried to explain his actions by stating he was shooting at squirrels that had been tearing up his property.

Based on the testimony presented at the October 27, 2022 bench trial, the district court found Wilkerson guilty of discharging an air rifle in violation of Atchison City Ordinance No. 6666 § 10.6. Wilkerson was fined $100 and assessed court costs from the bench.

The record reflects Wilkerson was sentenced immediately after the bench trial on October 27, 2022, and the time to appeal started to run. However, the district court did not approve its journal entry of judgment and sentencing until November 17, 2022.

Wilkerson then filed his notice of appeal with the district court on November 22, 2022. The City promptly moved to dismiss Wilkerson's appeal as untimely, arguing his notice of appeal was outside of the 14-day deadline to provide us with jurisdiction to hear the appeal. The City also claimed Wilkerson failed to timely file his docketing statement. Following a change in counsel, Wilkerson responded by arguing the third exception to the statutory time limit under *State v. Ortiz*, 230 Kan. 733, 736, 640 P.2d 1255 (1982), applied because his previous attorney failed to timely perfect and complete the appeal.

Another panel of this court retained Wilkerson's appeal, finding he satisfied one of the *Ortiz* factors and granting Wilkerson leave to docket his appeal out of time.

ANALYSIS

On appeal, Wilkerson argues that there was insufficient evidence to support the finding of guilt at trial. In support of this argument, Wilkerson points to (1) the lack of any eyewitnesses who observed Wilkerson discharging an air rifle within the city limits, (2) law enforcement's failure to recover an air rifle or any pellets, and (3) the reporting witness' longstanding feud with Wilkerson.

The City counters by raising two jurisdictional arguments. The City argues the district court lacked jurisdiction to hear Wilkerson's appeal from municipal court, claiming Wilkerson failed to post an appearance bond, as required by K.S.A. 22-3609 and we lack jurisdiction to consider Wilkerson's appeal because he failed to timely file his notice of appeal. In response to Wilkerson's claim that the evidence was insufficient to convict him, the City argues there was sufficient evidence to find Wilkerson guilty based on the evidence presented at the bench trial.

*Wilkerson Correctly Appealed From the Municipal Court to the District Court*

The City preserved this argument by moving to dismiss for lack of jurisdiction, claiming Wilkerson failed to file an appearance bond promising to appear. However, the City acknowledges Wilkerson deposited $311 with the municipal court clerk, which is equal to the $130.50 appearance bond imposed by the municipal court in this case and an additional sum required by the municipal court for an appearance bond in another unrelated case. But the City argues Wilkerson's failure to file a promise to appear deprives Wilkerson's payment of $130.50 of any meaning.

The statute governing appeals from municipal courts provides in relevant part:

"An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds under this subsection and shall forward such notices and bonds to the district court." K.S.A. 22-3609(b).

The problem with the City's claim here is we find nothing in K.S.A. 22-3609(b) stating a promise to appear must be filed with the cash appearance bond. We find the district court correctly denied the City's motion to dismiss for lack of jurisdiction.

*Wilkerson's Appeal to Us Was Timely Under* Ortiz

The City raises a second jurisdictional argument challenging our jurisdiction to hear Wilkerson's appeal from the district court's decision. Specifically, the City argues that Wilkerson failed to timely file his notice of appeal within 14 days of sentencing, as required by K.S.A. 22-3608(c). To recap, Wilkerson was sentenced from the bench by the district court on October 27, 2022, and filed his notice of appeal on November 22, 2022—26 days after sentencing.

After the parties responded to a show cause order asking why the appeal should not be dismissed for lack of jurisdiction, another panel of our court issued an order retaining the appeal under *Ortiz*. "The third *Ortiz* exception allows a late appeal if a defendant was furnished an attorney for the purpose of an appeal but the attorney failed to perform." *State v. Patton*, 287 Kan. 200, 223, 195 P.3d 753 (2008). Because Wilkerson instructed his attorney to appeal and the attorney failed to file an appeal, we find the third *Ortiz* exception applies as a matter of fundamental fairness. We agree with the other panel's retention of this appeal and will consider Wilkerson's appeal on the merits.

*The Evidence Was Sufficient to Find Wilkerson Guilty of Discharging an Air Rifle Within City Limits*

Turning to the merits of this appeal, Wilkerson argues there was insufficient evidence to convict him of violating Atchison City Ordinance No. 6666 § 10.6. Wilkerson bases his argument on the lack of eyewitnesses who directly observed him discharging an air rifle within the city limits, Peterson's failure to locate an air rifle or projectile, and Hamada's feud with Wilkerson.

When an appellant challenges sufficiency of the evidence in a criminal case, "'we review the evidence in a light most favorable to the [prosecution] to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. [We do] not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses.'" *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021). "This is a high burden, and only when the testimony is so incredible that no reasonable factfinder could find guilt beyond a reasonable doubt should we reverse a guilty verdict." *State v. Meggerson*, 312 Kan. 238, 247, 474 P.3d 761 (2020). To the extent we are required to interpret an ordinance, our review is unlimited. See *City of Wichita v. Griffie*, 318 Kan. 510, 523, 544 P.3d 776 (2024) (citing *Robinson v. City of Wichita Employees' Retirement Bd. of Trustees*, 291 Kan. 266, 272, 241 P.3d 15 [2010]).

Our review of the record reflects the Atchison City Ordinance No. 6666 § 10.6 is not in the record on appeal. Thus, we take judicial notice of the Ordinance based on K.S.A. 60-409(b)(1). The Ordinance provides:

"The unlawful operation of an air gun, air rifle, bow and arrow, slingshot, BB gun or paint ball gun is the shooting, discharging or operating of any air gun, air rifle, bow and arrow, slingshot, BB gun or paint ball gun, within the city, except within the confines of a building or other structure from which the projectiles cannot escape."

On appeal, we are tasked with applying the elements of the Ordinance and find it can be violated by:  (1) discharging an air rifle, (2) within the city, (3) except within the confines of a building or structure from which the projectiles cannot escape.

The evidence presented before the district court reflected:

- Wilkerson's house was within the city limits of Atchison, Kansas;

- Wilkerson admitted to Peterson he fired the air rifle at squirrels in his yard;

- Hamada heard the discharge of an air rifle two or three times while in his house;

- Hamada and Peterson both identified Wilkerson holding a rifle on his porch from Hamada's home security video;

- Peterson found a dead squirrel on the property line between Hamada's and Wilkerson's houses, which appeared to have been shot; and

- The air rifle was discharged from Wilkerson's front porch and not within the confines of a building or other structure from which the projectiles cannot escape.

Based on these facts, when viewed in a light most favorable to the City, there was sufficient evidence to find Wilkerson guilty of discharging an air rifle in violation of Atchison City Ordinance No. 6666 § 10.6.

Affirmed.