NOT DESIGNATED FOR PUBLICATION

No. 114,578

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN D. LOGGINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD and WARREN M. WILBERT, judges. Opinion filed August 12, 2016. Affirmed.

*Kevin D. Loggins Sr.*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER AND STANDRIDGE, JJ.

*Per Curiam*:  Kevin D. Loggins has previously pursued multiple avenues of relief from his multiple convictions. He now appeals the district court's summary denial of his pro se motion to vacate his convictions and sentence pursuant to K.S.A. 2015 Supp. 60-260(a), and the court's denial of his motion to reconsider that ruling. Finding Loggins cannot obtain relief from his criminal conviction and sentence pursuant to K.S.A. 2015 Supp. 60-260(b), we affirm.

*Factual and Procedural Background*

In February 1996, a jury convicted Loggins of two counts each of aggravated kidnapping and aggravated robbery and one count each of aggravated burglary, aggravated sexual battery, and criminal possession of a firearm in case No. 95CR1859. In April 1996, following a bench trial, Loggins was convicted of aggravated robbery and criminal possession of a firearm in case No. 95CR1616. The district court sentenced Loggins to a controlling term of 678 months' imprisonment.

Following his convictions, Loggins pursued a consolidated direct appeal. This court reversed one conviction of aggravated kidnapping but affirmed the remaining aggravated kidnapping conviction, as well as his convictions of aggravated robbery, aggravated burglary, aggravated sexual battery, and criminal possession of a firearm. *State v. Loggins*, Nos. 77,106 and 77,107, unpublished opinion filed May 8, 1998 (Kan. App.), *rev. denied* 265 Kan. 888 (1998).

Loggins has repeatedly challenged his convictions and sentence. See *State v. Loggins*, No. 105,950, 2012 WL 2045362 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1252 (2013); *State v. Loggins*, No. 103,345, 2011 WL 3795236 (Kan. App. 2011) (unpublished opinion), *cert. denied* 133 S. Ct. 125 (2012); *Loggins v. State*, No. 101,435, 2010 WL 2217105 (Kan. App. 2010) (unpublished opinion); *Loggins v. State*, No. 94,723, 2007 WL 2080359 (Kan. App. 2007) (unpublished opinion), *cert. denied* 555 U.S. 840 (2008); *State v. Loggins*, No. 90,171, 2004 WL 1086970 (Kan. App. 2004) (unpublished opinion), *cert. denied* 543 U.S. 1170 (2005). Loggins now appeals rulings made on his pro se motion to vacate his convictions and sentence.

In July 2014, Loggins filed a pro se motion "to vacate the judgment and sentence due to the nullity for want of jurisdiction," arguing he was entitled to relief under K.S.A. 60-260(b)(4). The district court summarily denied that motion. Following the denial of

his motion to vacate, Loggins filed numerous pro se motions attacking his convictions and sentence as well as motions requesting the right to be present at any hearings held by the district court. Included in these filings was Loggins' "affidavit of truth in pursuit of right of action by way of reconsideration pursuant to K.S.A. 60-260(b)(4) & K.S.A. 22-3504," in which Loggins asked the district court to reconsider its denial of his July 2014, motion to vacate. After the State filed its responses and the district court denied Loggins' motions, Loggins filed additional motions, which the district court also summarily denied. The district court ultimately held: "Request for any relief is denied. The court adopts the State's responses as its findings of fact and conclusions of law." Loggins appeals.

*Jurisdiction*

Before we address the merits, we address the State's argument that this court lacks jurisdiction over this appeal because Loggins' appeal is untimely. It contends that Loggins is appealing the July 18, 2014, denial of his motion to vacate, thus Loggins' notice of appeal filed in April 2015 is well beyond the 30-day period permitted by statute. See K.S.A. 2015 Supp. 60-2103(a).

The filing of a timely notice of appeal is a prerequisite to appellate jurisdiction. *State v. Smith*, 303 Kan. 673, 677, 366 P.3d 226 (2016). Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014).

Because Loggins has not cited to the record, as required by Supreme Court Rule 6.02(a)(4) (2015 Kan. Ct. R. Annot. 41), it is difficult to determine which of the many rulings made in his case he seeks to appeal. We believe the relevant facts are as follows. On July 18, 2014, the district court denied Loggins' motion to vacate the judgment. Loggins then filed a motion for reconsideration of that decision in August 2014, but a

journal entry that arguably denies that motion was filed on April 8, 2015. We thus find Loggins' notice of appeal, filed within 30 days of that date, to be timely. This court therefore has jurisdiction to consider this appeal.

*60-260(b) Relief*

We first address Loggins' argument that relief under K.S.A. 2015 Supp. 60-260(b) provides a means for a criminal defendant to challenge his or her conviction or sentence. He argues this relief is available when the judgment of a conviction is void and that a judgment is void when it is imposed by a court lacking subject matter jurisdiction. Loggins claims the district court lacked subject matter jurisdiction in his case because he was never properly arraigned, therefore the judgment is void. Loggins seeks relief under K.S.A. 2015 Supp. 60-260(b) only, and not under K.S.A. 60-1507, which he contends cannot cure a void judgment.

We have unlimited review over the determination of whether K.S.A. 2015 Supp. 60-260(b) can be used by a criminal defendant to raise a postconviction challenge to one's conviction or sentence, after the generally exclusive remedy under K.S.A. 60-1507 has been foreclosed. That determination involves questions of statutory and caselaw interpretation and is therefore a question of law subject to unlimited review. *State v. Mitchell*, 297 Kan. 118, 121, 298 P.3d 349 (2013).

This question is not one of first impression. The Kansas Supreme Court has squarely rejected the claim that K.S.A. 2015 Supp. 60-260(b) is available in this context, holding: "K.S.A. 60-1507 provides the exclusive statutory procedure for collaterally attacking a criminal conviction and sentence. Therefore, neither K.S.A. 2011 Supp. 60-260(b) nor K.S.A. 60-2606 can be used for that purpose." *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 1, 326 P.3d 1083 (2014). Although *Kingsley* cited the 2011 version of K.S.A.

4

60-260(b), the language is identical in K.S.A. 2015 Supp. 60-260(b). Therefore, the holding in *Kingsley* governs Loggins' appeal.

We find no evidence that our Supreme Court is departing from its previous decision, thus we are duty bound to follow Kansas Supreme Court precedent. *State v. Vrabel*, 301 Kan. 797, 809-10, 347 P.3d 201 (2015). Accordingly, we affirm the district court's summary denial of Loggins' motion to vacate and its denial of the motion to reconsider and hold that Loggins cannot obtain relief from his criminal convictions and sentence pursuant to K.S.A. 2015 Supp. 60-260(b). Because Loggins sought a remedy to which he is not entitled, we need not address his remaining issues.

*Res Judicata*

If, however, we were to reach the merits of the issues on appeal, we would find them unsuccessful under the doctrine of res judicata. "The essence of the doctrine of res judicata is that issues 'once finally determined . . . cannot afterwards be litigated.' [Citation omitted.]" *Kingsley*, 299 Kan. at 901. Four elements are required for application of this preclusive doctrine: "(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012); see *State v. Neer*, 247 Kan. 137, Syl. ¶ 2, 795 P.2d 362 (1990). These elements are met in this case as to the three claims Loggins raises.

First, Loggins raises a claim of multiplicity, arguing that the incorrect version of K.S.A. 21-3107 was applied in his case and that this court's analysis of the issue violated ex post facto protections. We have previously addressed this issue and held that Loggins' convictions for aggravated sexual battery and aggravated kidnapping are not multiplicitous. *Loggins*, 2007 WL 2080359, at *7.

5

Second, Loggins claims the district court erred by failing to look at the record to determine whether he was properly arraigned on all charges. But we have previously held that Loggins was properly arraigned on all charges. *Loggins*, 2010 WL 2217105, at *3; *Loggins*, 2007 WL 2080359, at *6.

Third, Loggins argues he was denied a neutral and detached "adjudicator" because the district court judge, at the conclusion of the preliminary hearing, prompted the State to add the aggravated sexual battery charge. We have previously held that Loggins' recusal issue fails on both procedural and substantive grounds. We also resolved Loggins' claim that the district court violated the separation of powers doctrine by prompting the State to add the aggravated sexual battery charge. *Loggins*, 2011 WL 3795236, at *2.

*Conclusion*

We affirm the district court's summary denial of Loggins' motion to vacate and its denial of the motion to reconsider because Loggins cannot obtain relief from his criminal convictions and sentence pursuant to K.S.A. 2015 Supp. 60-260(b). To the extent we can consider Loggins' remaining issues on appeal, they are barred by the doctrine of res judicata.

Affirmed.