IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,170

STATE OF KANSAS,
*Appellant*,

v.

CHRISTOPHER SHANE DOUGLAS,
*Appellee*.

SYLLABUS BY THE COURT

When a district judge's legal ruling in favor of the defense on a motion to suppress is infected with an obviously incorrect assessment of the State's evidence that is equivalent to an arbitrary disregard of a portion of that evidence, an appellate court cannot be certain if the district judge, once the error is pointed out, would arrive at the same or a different conclusion. In such circumstances, the wisest course for the appellate court is to reverse and then give the district judge another chance to review the record and explain himself or herself.

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 21, 2018. Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed May 31, 2019. Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is reversed and the case is remanded with directions.

*Natasha Esau*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellant.

*Shannon S. Crane*, of Hutchinson, and *Sam S. Kepfield*, of Hutchinson, were on the briefs for appellee.

1

The opinion of the court was delivered by

BEIER, J.: This case concerns reversal of a district judge's decision to suppress evidence and appropriate instructions for her further action on remand.

We affirm the Court of Appeals majority's twin decisions to reverse the district judge's ruling and remand the case, but we would alter its instructions to match those suggested in the dissent of Judge Thomas E. Malone. The district judge should not be directed to deny the defendant's motion but to reconsider it in light of a corrected understanding of the evidence before her.

FACTUAL AND PROCEDURAL BACKGROUND

Reno County Sheriff's Deputy Mikel Bohringer stopped defendant Christopher Shane Douglas for speeding. As Douglas leaned over to look inside the glove compartment, Bohringer saw a capsule he suspected of containing methamphetamine sticking out of Douglas' pocket.

Bohringer called for backup after returning to his vehicle. Once backup arrived, he ordered Douglas out of the truck and seized the capsule from the driver's seat, where Bohringer had seen it fall on Douglas' exit. Field testing revealed the capsule contained methamphetamine. Searches of Douglas and the truck followed, and the search of Douglas' person apparently uncovered additional contraband. Douglas was arrested and charged with possession of a controlled substance and possession of drug paraphernalia.

Douglas filed a motion to suppress the evidence, arguing Bohringer violated his federal and state constitutional rights.

At the hearing on the motion, Bohringer testified that, using his flashlight, he had "observed a clear capsule with a crystalized substance inside of it, just hanging out of [Douglas'] left front [pants] pocket" for about five seconds and suspected it contained methamphetamine.

The district court judge agreed with Douglas that his rights had been violated because law enforcement extended the traffic stop longer than necessary to issue a speeding ticket without reasonable and articulable suspicion, and she suppressed the evidence. In her order, she said in pertinent part:

"FINDINGS OF FACT

"1. Sheriff officer Mikel Bohringer stopped defendant for a speeding violation.

"2. Officer Bohringer observed a capsule in defendant's pants pocket . . . .

"3. Defendant was detained beyond the time necessary to issue a speeding ticket while the capsule was seized and tested.

. . . .

"DISCUSSION

"Officer Bohringer testified he observed a capsule in defendant's pants pocket when defendant reached for the vehicle registration. The State introduced evidence consisting of two videos, the patrol car video and Officer Bohringer's body camera video. *No description of the capsule was provided to the court.* The capsule itself was not provided to the court to examine. The videos did not show the capsule. The court has no basis on which to find the detention was based on a reasonable and articulable suspicion.

3

"CONCLUSION

"The State has failed in its burden to prove the seizure of defendant and search of defendant's vehicle was reasonable. The motion to suppress is sustained." (Emphasis added.)

The State appealed. A majority of the reviewing Court of Appeals panel reversed the district judge's decision and remanded with instructions to deny the motion to suppress. Judge Malone concurred in the reversal and remand but argued that the district judge should be permitted to reconsider the motion with a corrected understanding of the evidence before her. *State v. Douglas*, No. 119,170, 2018 WL 6711314 (Kan. App. 2018) (unpublished opinion).

We accepted Douglas' petition for review. He argues that substantial competent evidence existed to support the district judge's suppression decision, even if she made an error when she stated in her order that she had heard no description of the capsule, and the Court of Appeals should not have reversed the suppression and remanded the case.

DISCUSSION

Appellate courts typically use a bifurcated standard of review when reviewing district court decisions on motions to suppress.

"The factual underpinnings regarding a motion to suppress are reviewed for substantial competent evidence, but the legal conclusion drawn from those facts is reviewed de novo. . . .

. . . .

4

"Substantial competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion. This court normally gives great deference to the factual findings of the district court. The appellate court does not reweigh evidence, assess the credibility of witnesses, or resolve conflicts in evidence." *State v. Talkington*, 301 Kan. 453, Syl. ¶¶ 1, 3, 345 P.3d 258 (2015).

When a warrantless search or seizure is challenged, the State bears the burden of showing the applicability of a specific recognized exception to the Fourth Amendment's warrant requirement. See K.S.A. 22-3216(2); *State v. Daniel*, 291 Kan. 490, 496, 242 P.3d 1186 (2010).

When a district judge rules that a party has failed to sustain its burden of proof, a reviewing court applies the standard of review for a negative finding of fact. A "'negative finding will not be rejected on appeal unless the party challenging the finding proves arbitrary disregard of undisputed evidence, or some extrinsic consideration such as bias, passion, or prejudice.'" *State v. Smith*, 303 Kan. 673, 679, 366 P.3d 226 (2016).

The Court of Appeals majority applied the usual bifurcated standard of review applicable to district court decisions on motions to suppress. Although it believed substantial competent evidence existed to support the district judge's findings of fact that were labeled as such, it held that the judge's ultimate legal conclusion was erroneous. The majority identified the district judge's statement that "'[n]o description of the capsule was provided to the court'" as incorrect and treated it as an indicator that the judge had ignored Bohringer's testimony. *Douglas*, 2018 WL 6711314, at *3. That testimony, the majority ruled as a matter of law, supported the lengthening of Douglas' detention and thus the searches of the truck and his person that uncovered the incriminating evidence. This meant that the appropriate remedy was reversal and remand with directions that the district judge deny the motion to suppress. *Douglas*, 2018 WL 6711314, at *3-4.

Judge Malone took a slightly different tack. Although the district judge's incorrect statement that there was no description of the capsule in evidence was not labeled a "finding of fact" in her written order, Judge Malone recognized that the statement constituted such a finding rather than a part of her conclusion of law. He further recognized that this finding was not supported by substantial competent evidence and qualified—in the lingo of the standard of review for a negative finding of fact—as an arbitrary disregard of undisputed evidence. Because he could not be certain that the district judge's ultimate legal conclusion did not rest on an otherwise adequate credibility judgment or alternate evidence-weighing calculus inappropriate for appellate judges to perform, he would have directed the judge on remand

> "to reevaluate [her] findings based on the evidence that Bohringer did, in fact, describe the capsule that he saw in Douglas' pants pocket . . . . [T]he district court should clarify its factual findings to conform to the evidence admitted at the suppression hearing[] and make specific credibility determinations of witness testimony to the extent that it is necessary, in order to justify the court's ultimate legal conclusion on whether Douglas' motion to suppress should be granted or denied." 2018 WL 6711314, at *5 (Malone, J., dissenting).

We agree with this approach. When a district judge's legal ruling in favor of the defense on a motion to suppress is infected with an obviously incorrect assessment of the State's evidence that is equivalent to an arbitrary disregard of a portion of that evidence, we cannot be certain if the district judge, once the error is pointed out, would arrive at the same or a different conclusion. In such circumstances, the wisest course for the appellate court is to reverse and then give the district judge another chance to review the record and explain himself or herself. Reversal and remand with directions to draw an opposite conclusion of law short-circuits that chance.

CONCLUSION

The judgment of the district court is reversed and the case remanded for further proceedings in keeping with this opinion. The decision of the Court of Appeals is affirmed but its instructions to the district court on remand are modified.