NOT DESIGNATED FOR PUBLICATION

No. 121,477

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFF MULDROW,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed July 24, 2020.
Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM: When Jeff Muldrow asked the district court to permit him to file an appeal out of time, the court ruled that none of the exceptions outlined in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), applied. The court denied his motion. Muldrow seeks our review of that denial. Finding no error, we affirm the district court.

1

*Case history.*

In 2015, Muldrow plead guilty to possession of marijuana with the intent to distribute, possession of a firearm by a felon, and unlawful acts involving drug proceeds. In exchange for Muldrow's pleas of guilty, the State agreed to ask for the maximum prison sentence of 110 months for possession of marijuana with intent to distribute but would not object if Muldrow moved for a downward dispositional departure to probation. After Muldrow pled guilty, the district court sentenced him to 36 months' probation with an underlying sentence of 110 months' imprisonment.

Muldrow's probation term experienced some turbulence. The district court revoked and reinstated his probation several times, extended his probation, and imposed penalties ranging from a 2-day "quick dip" in the county jail to 180 days in the Kansas Department of Corrections. Then, in August 2018, the district court revoked Muldrow's probation and sent him to prison. At that time, the district court reduced Muldrow's prison sentence from 110 months to 84 months.

At this final probation hearing, the district court told Muldrow that he had a right to appeal and if he could not afford an attorney, one would be provided. Further, the district court told Muldrow that any notice of appeal must be filed within 14 days.

Several months later, Muldrow filed a "Petition for an Order for Appointment of Appellate Counsel; Due to Counsel's Refusal to Request Timely Appeal." Muldrow claimed that he had requested an appeal, but his counsel failed to file a timely notice of appeal. In response, the district court appointed new counsel and scheduled a hearing to review whether the late notice of appeal fell within an *Ortiz* exception.

At that hearing, the court heard the testimony of Muldrow and his trial attorney, Steve Rupert. Both sides had agreed that the sole issue before the court was whether Muldrow was furnished with an attorney who failed to perfect an appeal.

Muldrow testified that he knew of his appeal rights and instructed his attorney to appeal, but no notice of appeal was filed. Rupert testified that he had a discussion with Muldrow before the final probation hearing on how to proceed. Muldrow's primary goal was a "soak." By that, he meant a period of confinement between 120 and 180 days in the custody of the Department of Corrections instead of a revocation of his probation or a reduction in sentence.

> "[H]e said what he would like to do is ask for a soak, but if the Court doesn't give him a soak on his sixth violation then what we would like to do is ask for a downward modification. If the Court doesn't give him a downward modification of his sentence, then he would consider appealing. However, we were successful in the modification by getting two years knocked off."

Rupert testified that after the hearing, Muldrow was "very happy" with the downward modification in his prison sentence and did not want to appeal. Rupert summarized the conversation in his notes but did not ask Muldrow to sign any document memorializing his intent not to appeal.

After hearing Muldrow and Rupert's testimonies, the district court denied Muldrow's motion for a late notice of appeal. The district court found Rupert's testimony credible and set forth six main reasons for that ruling.

1. Muldrow might not want to appeal because his prison sentence was modified from 110 months to 84 months;
2. Muldrow had a negative ruling on his fifth probation violation, resulting in 120 days in KDOC custody, but he did not ask Rupert to appeal that ruling;

3

3. The district court listened to Rupert recount the arguments that he presented at the probation revocation hearing as recorded in his notes, which showed that Rupert's notes were diligent;

4. The district court believed that Rupert would have filed an appeal if asked to do so because of the way he advocated vigorously for Muldrow;

5. The district court dismissed a notion that perhaps Rupert misheard Muldrow's request by saying that Rupert's notes were too detailed to allow for that possibility; and

6. The district court noted that Muldrow testified only from memory while Rupert testified from memory and detailed notes.

Thus, the district court credited Rupert's testimony that Muldrow told him not to appeal and denied the motion.

For questions such as this, an appellate court reviews the factual findings of the district court's ruling for substantial competent evidence. But the legal conclusion made by the district court on those facts about whether the exception applies is reviewed de novo. *State v. Smith*, 303 Kan. 673, 677, 366 P.3d 226 (2016). But in reviewing the facts, appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). A significant part of evaluating testimony rests on seeing the witnesses on the stand and observing how they respond to questions both on direct and cross-examination. See *State v. Scaife*, 286 Kan. 614, 624, 186 P.3d 755 (2008).

A notice of appeal must be filed within 14 days after the entry of the order or judgment being appealed. K.S.A. 2019 Supp. 22-3603(c). "The filing of a timely notice of appeal is jurisdictional. Generally, the failure to file a timely notice of appeal requires dismissal of the appeal." *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011). But

4

*Ortiz* created judicial exceptions to the general rule barring untimely appeals. Under those exceptions, an untimely appeal may be allowed when:

- the defendant was not informed of his or her right to appeal;
- the defendant was not furnished an attorney to pursue the appeal; or
- the defendant was furnished an attorney who failed to perfect the appeal.

*State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016) (citing *Ortiz*, 230 Kan. at 735-36). Here, the parties agreed that only the third of these exceptions could apply.

The parties' arguments show their conflict over the evidence. Muldrow argues that the district court's decision was not supported by substantial competent evidence. He asserts that "the evidence leads to the conclusion that Muldrow did request a hearing." Muldrow acknowledges that he testified only from memory, and Rupert testified while referring to his notes. But, Muldrow points out, Rupert never obtained anything in writing from Muldrow declaring an intent not to appeal. Finally, Muldrow argues that 84 months of incarceration is still a considerable sentence, giving him ample reason to appeal.

The problem we have with Muldrow's argument is simple. An appellate court cannot reweigh testimony or assess witness credibility. See *Chandler*, 307 Kan. at 668. While some testimony in the record could support both the conclusions that Muldrow did and did not direct Rupert to file an appeal, this court cannot reweigh these statements against each other. Rather, this court can only assess whether the conclusion reached by the district court has adequate support: substantial competent evidence.

Our review of the record shows that there was substantial competent evidence to support the district court's factual finding that Muldrow did not direct Rupert to file an appeal. Rupert testified that Muldrow was "very happy" with the downward modification

and he "did not want to appeal." Rupert testified that there was no reason not to file an appeal, saying, "It takes literally two or three minutes just to submit that digital form."

We hold that substantial competent evidence supports the district court's finding. We affirm its ruling denying Muldrow an untimely appeal.

Affirmed.