NOT DESIGNATED FOR PUBLICATION

No. 120,756

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN YOUNG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed June 4, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., WARNER, J., and BURGESS, S.J.

PER CURIAM: John Young appeals the district court's finding under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), that he had no excuse for filing his notice of appeal late. The State argues that several procedural rules prevent this court from reviewing that finding. Although none of those rules apply here, the district court properly found that no excuse applied under *Ortiz*.

1

John Young received a 122-month prison sentence—the low grid-box number under the sentencing guidelines—after pleading guilty to robbery. Nineteen days later, and five days after the deadline to appeal, Scott Anderson, Young's attorney, filed a notice of appeal. See K.S.A. 2019 Supp. 22-3608(c).

This court remanded the case for a hearing under *Ortiz*. At the hearing, the district court was to determine whether Young had an excuse for his late appeal because his attorney had not timely filed the appeal as instructed. The remand order noted that the Appellate Defender's Office (ADO), appointed by the district court as appellate counsel, should monitor the progress of the *Ortiz* hearing because Young would need to timely file another notice of appeal if he wanted to appeal an adverse ruling at the hearing. If that was not done, we would dismiss the case for lack of jurisdiction.

On remand, the district court appointed a new attorney to represent Young at the *Ortiz* hearing. Both Young and Anderson testified at the hearing. Young claimed that he told Anderson to appeal in the hallway just after the sentencing hearing. Anderson testified that the only conversation he and Young had after the sentencing hearing occurred in the courtroom, and that Young never requested an appeal during that conversation. Anderson did mention the right to appeal, but Young said he wanted to think about it. According to Anderson, Young's only request for an appeal came in what is called a Unity message—an email transcription of a voicemail from a prisoner.

Anderson narrowed the time that he could have received that message down to an eight-day window. (The message would have shown the delivery date, but Anderson does not keep Unity messages because he receives several each week and they are rather large.) He was sure that he received the message after the start of that window, which was three days before the appeal deadline, because when he closed the case file that day, the

case file did not have a sheet of red paper that his office uses to signify that an appeal has been filed. And he was pretty sure (though not certain) that he did not receive the message in the three days after he closed the case file but before the appeal clock ran. That confidence stemmed from his usual practice of checking his Unity messages daily and responding to them that day or the next. Since Anderson filed Young's notice of appeal five days after the deadline, he said that he likely received the message that day or the day before. Anderson said that he would have been especially likely to promptly respond to a message requesting an appeal because it simply involved e-filing a short document.

Finding Anderson's testimony more credible, the district court determined that Young instructed Anderson to appeal after the 14-day deadline and thus the relevant *Ortiz* exception did not excuse his untimely appeal. The next day, Young's remand counsel filed a notice of appeal to challenge the district court's *Ortiz* findings. Confusion followed.

The ADO filed two status reports with this court at one and two months following the *Ortiz* hearing stating that the district court had not scheduled a hearing. In a response to the second report filed a few weeks later, the State notified this court that the district court had held the hearing and found that no *Ortiz* exception applied. The State did not mention a notice of appeal but did attach the journal entry from the hearing.

Two days later, this court dismissed the appeal for lack of jurisdiction because, "[i]n the absence of a notice of appeal," it was "well outside of th[e] 14-day period" to appeal the findings at the *Ortiz* hearing. This court issued a mandate to the district court two months later directing it to enter judgment against Young.

More than a year later, the ADO moved to docket this appeal out of time using the notice of appeal filed by Young's remand counsel the day after the *Ortiz* hearing. The

3

docketing statement described the issue on appeal as whether the district court erred in not applying an *Ortiz* exception. The appeal was docketed.

About four months later, the ADO requested permission to withdrawal from the case because of a conflict of interest. To persuade this court to review the *Ortiz* findings, it would have to argue that it rendered ineffective assistance of counsel in the prior appeal by not timely notifying this court of the notice of appeal filed by remand counsel. This court granted the ADO's motion, and the district court appointed Young's current appellate counsel, Kristen Patty, to represent him.

Patty moved to recall the mandate in the prior appeal based on ineffective assistance of appellate counsel from the ADO not notifying this court of the notice of appeal and requesting the documents needed to perfect the appeal. Along with recalling the mandate, Patty also asked this court to consolidate the prior appeal with this appeal so that the review of the district court's *Ortiz* findings would proceed in a single case. When this court denied the motion, Young filed a petition for review with the Kansas Supreme Court that has been pending since October 2019.

A few days after this court denied the recall motion in the first appeal, the State moved to dismiss this appeal based on issue preclusion. In the prior appeal this court decided that it lacked jurisdiction to review the *Ortiz* findings. The State argued Young could not relitigate that issue in this appeal. In response, Young recognized the effect of the prior dismissal on this appeal, stated his view that this court erred in denying his motion to recall the mandate, and said that he would appeal that decision. He had not yet filed the petition for review at that point. This court denied the State's dismissal motion, allowing this appeal to proceed. Recently, the Kansas Supreme Court denied Young's request for review of the denial of motion to recall the mandate.

ANALYSIS

Young challenges the district court's finding at the *Ortiz* hearing that no exception applied to excuse the late filing of his original notice of appeal. The State counters that several procedural hurdles prevent this court from reviewing that finding.

*The State's procedural arguments pose no obstacle to reaching the merits.*

The State initially argued that this appeal presents a concurrent jurisdiction problem. At the time briefs were filed in this case, our court and the Kansas Supreme Court were both exercising jurisdiction over similar and overlapping issues involving Young's direct appeal. That is no longer an issue. The Kansas Supreme has ruled in the previously co-existing appeal and that matter has been resolved.

The State offers two more procedural obstacles to reaching the merits: issue preclusion and law of the case. Those doctrines preclude relitigation of settled issues within the same case (law of the case) and in future cases between the same parties (issue preclusion). *State v. Collier*, 263 Kan. 629, 634, 952 P.2d 1326 (1998). Whether either doctrine applies is a legal question over which this court exercises unlimited review. *State v. Parry*, 305 Kan. 1189, 1193-94, 390 P.3d 879 (2017).

Both of the arguments raised by the State are prudential considerations and neither deprives this court of jurisdiction. See *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020). The district court's dismissal of the appeal of its decision rendered in regard to the *Ortiz* determination was predicated on the belief that a notice of appeal had not been filed. This court was unaware that a timely notice of appeal had been filed. Once it was determined that a timely notice of appeal had been filed, we allowed the case to be docketed and to give Young the full opportunity to litigate the *Ortiz* issue. We have jurisdiction to decide this appeal on the merits.

*Substantial evidence supported the district court's finding that no* Ortiz *exception applied.*

On the merits, Young appeals the district court's conclusion that he had no excuse under *Ortiz* for filing his original appeal late. The relevant *Ortiz* excuse applies if the defendant's attorney "failed to perfect and complete an appeal." *State v. Smith*, 303 Kan. 673, 677-78, 366 P.3d 226 (2016). A two-part standard of review governs a decision that this excuse did not apply—this court reviews the factual findings supporting the district court's decision for substantial evidence and its legal conclusions de novo. 303 Kan. at 677. Substantial evidence means legal and relevant evidence that a reasonable person could accept as supporting a conclusion. In reviewing the evidence, this court gives great deference to the district court's factual findings and avoids reweighing witness credibility or resolving evidentiary conflicts. *State v. Douglas*, 309 Kan. 1000, 1002, 441 P.3d 1050 (2019).

To show that Anderson failed to perfect an appeal before the filing deadline, Young emphasizes two things: (1) his testimony that he told Anderson to appeal right after the sentencing hearing and (2) Anderson's testimony that he was unsure when he received Young's message requesting an appeal.

Ample evidence in the record supports a finding that Young instructed Anderson to appeal after the 14-day deadline had passed. Anderson denied Young's claim that he requested an appeal at the sentencing hearing. Anderson mentioned the possibility of an appeal to Young that day, but Young wanted time to think it over.

Anderson's testimony provided substantial evidence that Young requested an appeal after the deadline passed. Anderson testified that he checked his Unity messages daily and would usually respond to them the same day or the next, especially if a message requested something as simple as filing a short notice of appeal. Anderson filed Young's

6

notice of appeal 5 days after the 14-day time limit. Based on Anderson's usual practice, he was pretty sure that he received the message that same day or the day before; in both cases, after the appeal deadline. A reasonable person could accept Anderson's testimony as supporting a finding that Young request to file an appeal was untimely.

The district court found Anderson's testimony more credible. Overturning that finding would require second-guessing the district court's assessment of witness credibility. This is something appellate courts do not do. *Douglas*, 309 Kan. at 1002. The district court's finding that Young's request to file a notice of appeal came after the time limit had expired is supported by substantial evidence in the record. We therefore affirm the district court's ruling and conclude we are without jurisdiction to hear the arguments presented in Young's untimely original appeal.

Affirmed.

7