NOT DESIGNATED FOR PUBLICATION

No. 124,282

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MONTY J. BANISTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed July 1, 2022.
Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., BRUNS and GARDNER, JJ.

PER CURIAM:  Monty Banister appeals from the district court's denial of his
request to proceed with an untimely direct appeal of his criminal case. After the
evidentiary hearing, the district court found Banister's motion meritless. In particular, the
district court found that Banister was properly informed of his right to appeal as well as
the deadline for filing an appeal. The district court also found that Banister had failed to
request that his attorney file a notice of appeal on his behalf. Based on our review of the
record, we conclude that the district court did not err in denying Banister's motion. Thus,
we affirm the district court's decision.

1

FACTS

A jury convicted Banister of aggravated battery, theft of a firearm, criminal possession of a firearm, and criminal damage to property. The underlying facts of these convictions are not material to the resolution of this appeal. On April 6, 2021, the district court sentenced Banister to 45 months in prison to be followed by 6 months in jail.

At this sentencing hearing, the district court informed Banister that he had 14 days to appeal his convictions and sentences. The district court also advised Banister that he would get a "free attorney" to help him with his appeal. On May 5, 2021—nearly a month after the sentencing hearing—Banister evidently placed a pro se notice of appeal in the jail mail. The notice of appeal was ultimately filed in the district court on May 25, 2021.

The district court treated Banister's untimely notice of appeal as a motion for a hearing under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). At an evidentiary hearing held on June 21, 2021, the district court heard the testimony of both Banister and his trial attorney. Banister testified that he did not remember being advised of his right to appeal at the sentencing hearing. Nevertheless, the transcript of the sentencing hearing reveals that the district court informed Banister of his right to appeal and his deadline for doing so.

Banister also testified that he discussed an appeal with his trial attorney and believed he was going to file a notice of appeal. In addition, Banister testified about a letter and email he allegedly sent to his trial attorney between his trial and sentencing asking about his jail time credit and inquiring "about what's going on, if he did file and what's going to happen? What I'm supposed to expect from all this?" However, Banister testified he did not discuss an appeal with his attorney at the sentencing hearing.

2

Banister's attorney testified that his client never requested him to file a notice of appeal. Although the attorney agreed that he had received a letter from Banister postmarked April 30, 2021, it was not admitted into evidence by either party. Still, the attorney testified that Banister did not ask him to file a notice of appeal in the letter. Moreover, the attorney testified he did not receive any emails from Banister.

After hearing the evidence, the district court took the issue under advisement in order to read the transcript from the sentencing hearing. On July 12, 2021, the district court issued an order denying Banister's motion to appeal out of time. In doing so, the district court ruled:

> "[R]egarding the first *Ortiz* factor, the Court finds, subsequent to review the relevant transcript, that the Movant was properly and adequately advised of his right to appeal, and of the statutory timeframe set forth to perfect such appeal; regarding the second *Ortiz* factor, the Court determines that trial counsel Matt Metcalf had been properly appointed for all aspects of trial level representation, including perfecting a notice of appeal, should he have been directed to do so by Mr. Banister; and finally, the Court found the testimony of Matthew Metcalf to be relevant and credible, and that Mr. Banister had not made a timely request to his trial counsel to perfect a notice of appeal."

Thereafter, Banister timely filed a notice of appeal from the district court's denial of his motion.

ANALYSIS

On appeal, Banister contends that the district court erred in denying him relief under *Ortiz*. He argues that his trial attorney should have obtained a written waiver of his right to appeal and consulted with him regarding a possible appeal following the sentencing hearing. In response, the State argues that the district court appropriately considered the evidence presented at the motion hearing and found the testimony of Banister's trial attorney to be credible.

We review a district court's decision on whether an exception under *Ortiz*, 230 Kan. 733, applies under a dual standard. First, we review the facts underlying the district court's ruling for substantial competent evidence. *State v. Smith*, 303 Kan. 673, 677, 366 P.3d 226 (2016). "Substantial competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion. This court normally gives great deference to the factual findings of the district court. The appellate court does not reweigh evidence, assess the credibility of witnesses, or resolve conflicts in evidence." *State v. Talkington*, 301 Kan. 453, Syl. ¶ 3, 345 P.3d 258 (2015). Second, we review the ultimate legal conclusion reached by the district court on those facts under a de novo standard. *Smith*, 303 Kan. at 677.

A defendant's right to appeal is purely statutory. Neither the United States Constitution nor the Kansas Constitution guarantee a right to an appeal. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Under K.S.A. 2020 Supp. 22-3608(c), a defendant has 14 days in which to file a notice of appeal and appeals filed past the statutory deadline generally result in dismissal for lack of jurisdiction. See *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011). But in *Ortiz*, the Kansas Supreme Court recognized several exceptions to the timeliness requirement.

In *Ortiz*, our Supreme Court recognized three specific exceptions that justify the filing of a notice of appeal out of time: (1) the defendant was not informed of his or her right to appeal; (2) the defendant was not furnished an attorney to pursue the appeal; or (3) the defendant was furnished an attorney who failed to perfect the appeal. *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008) (citing *Ortiz*, 230 Kan. at 735-36). Yet, these exceptions are "narrowly defined" and are reserved for "truly exceptional circumstances." *Patton*, 287 Kan. at 217. Here, Banister claims the first and third exceptions excuse his untimely appeal.

First, Banister argues that the district court did not properly inform him of his right to appeal. He suggests that the district court should have told him that he "could appeal without paying the costs of the appeal nor did it inform [him] that he would be provided a free transcript for purposes of the appeal." He also suggests that the district court should have told him that his trial attorney was responsible for filing a timely notice of appeal or should have explained how to invoke his right to have appellate counsel appointed to represent him.

To the extent resolution of this issue requires interpretation of a statute, this panel's review is unlimited. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021). K.S.A. 2020 Supp. 22-3424(f) requires that the district court "shall advise the defendant of the defendant's right to appeal and of the right of a person who is unable to pay the costs of an appeal to appeal in forma pauperis." Under K.S.A. 22-4505(a):

> "When a defendant has been convicted in the district court of any felony, the court shall inform the defendant of such defendant's right to appeal the conviction to the appellate court having jurisdiction and that if the defendant is financially unable to pay the costs of such appeal such defendant may request the court to appoint an attorney to represent the defendant on appeal and to direct that the defendant be supplied with a transcript of the trial record."

In this case, the transcript of the sentencing hearing confirms that the district court informed Banister: "You may appeal the verdict, sentencing, any and all rulings of the law that you believe are contrary to law. And you have fourteen days from today in which to do that and a free attorney to help you with that."

In *Patton*, 287 Kan. at 219, our Supreme Court held: "K.S.A. 22-4505 requires the district judge to inform an indigent felony defendant of the 'right to appeal . . . [a] conviction' and the right to have an attorney appointed and a transcript of the trial record produced for that purpose." While the statute requires a defendant be told of the right to

5

appeal and the right to have an attorney appointed to represent them on appeal, there is no requirement that the district court inform the defendant that it must produce a transcript to accomplish the appeal.

In *Patton*, our Supreme Court clarified the district judge must inform a defendant at sentencing that (1) a right to appeal exists; (2) the time in which to bring the appeal; and (3) "if the defendant is indigent, an attorney will be appointed for the purpose of taking any desired appeal." 287 Kan. at 220. Furthermore, it is the defendant's evidentiary burden to show "that the district judge failed to communicate one or more of these three pieces of information at sentencing" and "demonstrate deficiency from the transcript of the sentencing hearing." 287 Kan. at 220.

Here, we find that the district court complied with the statutory appeal notice requirements. The district court informed Banister (1) of his right to appeal; (2) the time in which he must bring his appeal; and (3) that he would be provided an attorney to do so if he was indigent. We also find that the district court's factual finding regarding the first *Ortiz* exception is supported by substantial competent evidence found in the sentencing transcript. In addition, we find that the district court's legal conclusions regarding the first *Ortiz* exception were proper based on these factual findings.

Second, Banister argues that the third *Ortiz* exception justified his belated filing of his notice of appeal. The third exception applies where a defendant is represented by counsel, but that attorney failed to timely perfect an appeal. See *State v. Shelly*, 303 Kan. 1027, 1051, 371 P.3d 820 (2016). "Evaluation of the third exception allowing a late direct appeal under [*Ortiz*] requires consideration of whether the criminal defendant received effective assistance of counsel under *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000)." *Shelly*, 303 Kan. 1027, Syl. ¶ 1.

6

As the United States Supreme Court explained in *Flores-Ortega*, 528 U.S. at 478, when a defendant is in the gray area where he or she has neither instructed counsel to file an appeal nor asked that an appeal not be taken, the question of counsel's potentially deficient performance is "best answered" by first asking "whether counsel in fact consulted with the defendant about an appeal." If counsel consulted with the defendant, "the question of deficient performance is easily answered:  Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." 528 U.S. at 478. Only if there is no consultation does the analysis then move to the determination of "whether counsel's failure to consult with the defendant itself constitutes deficient performance." 528 U.S. at 478.

In *Flores-Ortega*, the United States Supreme Court stated that the "better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal." 528 U.S. at 479. However, the Court refused to establish a bright-line rule that every case in which counsel failed to "consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." 528 U.S. at 479-80. The Court gave examples of situations in which a consolation might not be necessary, including the following example:  "[S]uppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information." 528 U.S. at 479-80. The Court elaborated that "while States are free to impose whatever specific rules they see fit to ensure that criminal defendants are well represented, we have held that the Federal Constitution imposes one general requirement:  that counsel make objectively reasonable choices." 528 U.S. at 479.

Despite Banister's argument to the contrary, our Supreme Court has held on several occasions that an attorney's failure to abide by K.A.R. 105-3-9—which applies to attorneys appointed to represent defendants under the Indigent Defense Services Act—is not determinative of counsel's performance. See, e.g., *State v. Northern*, 304 Kan. 860,

7

865, 375 P.3d 363 (2016); *State v. Phinney*, 280 Kan. 394, 405, 122 P.3d 356 (2005); *State v. Willingham*, 266 Kan. 98, 100, 967 P.2d 1079 (1998). Of course, as an intermediate appellate court, we are duty-bound to follow the precedent established by our Supreme Court precedent unless there is some indication that it is departing from its previous position. Regarding this issue, we see no indication that the Kansas Supreme Court is shifting its stance on K.A.R. 105-3-9. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

Here, the district court heard the evidence, evaluated the credibility of the witnesses, and determined that Banister did not ask his attorney for an appeal. This factual finding is supported by substantial competent evidence in the record. In fact, Banister's trial attorney testified that his client never requested him to file a notice of appeal. As the parties are aware, it is not our role to assess the credibility of witnesses, to reweigh the evidence presented at the evidentiary hearing, or to engage in independent factfinding. See *State v. Rizal*, 310 Kan. 199, 204, 445 P.3d 734 (2019). Consequently, we find that the district court's determination that the third *Ortiz* exception is not applicable to this case was supported by substantial evidence and was legally appropriate.

Affirmed.