NOT DESIGNATED FOR PUBLICATION

No. 122,583

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER SHANE DOUGLAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed August 6, 2021. Reversed and remanded.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Kimberly A. Rodebaugh*, senior assistant district attorney, *Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and BURGESS, S.J.

PER CURIAM: Christopher Shane Douglas appeals his convictions of possession of methamphetamine and possession of drug paraphernalia following a jury trial. Douglas argues three jury instruction errors. We agree with Douglas on one of his claims, more specifically that the district court erred by failing to give his requested jury instruction on nonexclusive possession. We also agree with Douglas that the State has failed to show that the instructional error was harmless. As a result, we reverse Douglas' convictions and remand for a new trial.

1

*Factual and procedural background*

On July 28, 2017, Deputy Mikel Bohringer of the Reno County Sheriff's Office stopped Douglas for speeding. Douglas was driving a Ford Ranger pickup truck. Although Douglas was the only person in the truck, he did not own it. Instead, the truck belonged to a contractor that Douglas worked with. At trial, Douglas testified that "[p]retty much anybody" who worked with or for the contractor drove the truck, which was probably four or five people.

When Bohringer asked Douglas for insurance information, he replied that he was driving a friend's vehicle and did not have the insurance forms. Bohringer told Douglas to check the glove box for insurance information. Bohringer later testified that he saw a clear capsule filled with a white crystallized substance in Douglas' pocket as he reached for the glove box, and it looked like the capsule was about to fall out of Douglas' pocket.

Bohringer told Douglas to step out and walk to the back of the truck. As Douglas got out of the truck, Bohringer claimed he saw the capsule fall out of Douglas' pocket onto the driver's seat. But Douglas testified at trial that there was no capsule in his pocket and that he knew nothing about any drugs or drug paraphernalia in the truck. Bohringer searched Douglas and found a pill bottle in his pocket which contained two plastic baggies with a white residue, which Bohringer believed was methamphetamine. He then searched the truck and found a syringe and a spoon along with the capsule that he saw earlier. According to Bohringer, a spoon can be used to heat methamphetamine until it becomes a liquid which can then be drawn into a syringe and administered intravenously.

Courtney Feldbauer, a forensic chemist with the Kansas Bureau of Investigation (KBI), later tested the capsule that Bohringer said was in Douglas' pocket. The capsule contained methamphetamine. Feldbauer did not conduct any tests on the spoon, the syringe, or the white residue found in the two plastic baggies. The KBI also did not check

2

any of the items for fingerprints. The State later charged Douglas with one count of possession of methamphetamine and one count of possession of drug paraphernalia.

Douglas moved to suppress the evidence which the district court originally granted, finding that Bohringer extended the traffic stop longer than necessary to issue a speeding ticket without reasonable suspicion of a crime. But on an interlocutory appeal brought by the State, our Supreme Court reversed the district court's decision to suppress the evidence and remanded the case for the district court to reconsider the motion in light of a corrected understanding of the evidence before the court. *State v. Douglas*, 309 Kan. 1000, 1004, 441 P.3d 1050 (2019).

On remand, the district court denied the motion to suppress, and the case proceeded to a jury trial. After the evidence was presented, the district court denied Douglas' request for an instruction on nonexclusive possession of the vehicle. But the district court did instruct the jury that "[p]roof of possession of any amount of a controlled substance suffices to sustain a conviction even if the amount is not measurable or useable." The jury found Douglas guilty of both crimes as charged. The district court sentenced Douglas to 15 months' imprisonment but granted probation for 18 months with mandatory drug treatment. Douglas timely appealed the district court's judgment.

*Did the district court err by failing to give an instruction on nonexclusive possession?*

Douglas first claims the district court erred by failing to give his requested jury instruction on nonexclusive possession of the vehicle. Douglas argues that this instruction was legally and factually appropriate and that the district court's failure to give the instruction was reversible error. The State argues that the jury instruction was not legally and factually appropriate because Douglas was the truck's sole occupant. The State also argues that it does not matter whether other people had access to the truck because Bohringer observed the capsule with methamphetamine fall out of Douglas' pocket.

"When analyzing jury instruction issues, we follow a three-step process:

'(1) determining whether the appellate court can or should review the issue, i.e., whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) considering the merits of the claim to determine whether error occurred below; and (3) assessing whether the error requires reversal, i.e., whether the error can be deemed harmless.' [Citation omitted.]" *State v. McLinn*, 307 Kan. 307, 317, 409 P.3d 1 (2018).

As for the first step, Douglas requested the jury instruction at issue and the district court denied the request. The issue is preserved and is properly before this court.

At the second step, appellate courts consider whether the instruction was legally and factually appropriate. 307 Kan. at 318. Appellate courts use unlimited review to determine whether an instruction was legally appropriate. *State v. Johnson*, 304 Kan. 924, 931, 376 P.3d 70 (2016). As for whether an instruction is factually appropriate, courts should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction. *State v. Williams*, 303 Kan. 585, 598-99, 363 P.3d 1101 (2016).

At the third step, if the challenging party raised the issue below, and the challenging party does not argue that the failure to instruct violated a constitutional right, the instructional error is reversible if the appellate court determines that there is a reasonable probability that the error affected the outcome of the trial in light of the entire record. *State v. Plummer*, 295 Kan. 156, 163-64, 168, 283 P.3d 202 (2012); *State v. Louis*, 305 Kan. 453, 456-58, 384 P.3d 1 (2016) (requested instruction not given). The party benefitting from the error has the burden to demonstrate there was no such probability. *State v. McCullough*, 293 Kan. 970, Syl. ¶ 9, 270 P.3d 1142 (2012).

Douglas requested an instruction on nonexclusive possession. See PIK Crim. 4th 57.040. The jury instruction that Douglas proposed read as follows:

"When a defendant is in nonexclusive possession of an automobile in which a controlled substance is found, it cannot be inferred that the defendant knowingly possessed the controlled substance unless there are other circumstances linking the defendant to the controlled substance. You may consider all factors supported by the evidence in determining whether the defendant knowingly possessed the controlled substance, including the following:

"1. Whether the defendant previously participated in the sale of a controlled substance;
"2. Whether the defendant used controlled substances;
"3. Whether the defendant was near the area where the controlled substance was found;
"4. Whether the controlled substance was found in plain view;
"5. Whether the defendant made any incriminating statements;
"6. Whether the defendant's behavior was suspicious;
"7. Whether the defendant's personal belongings were near the controlled substance."

Douglas correctly argues that this instruction is legally appropriate in cases of nonexclusive possession. *State v. Rosa*, 304 Kan. 429, 434, 371 P.3d 915 (2016). Here, the evidence was that although Douglas was the sole occupant of the truck, it belonged to a contractor Douglas worked with and other people had regular access to the truck. When a person is in nonexclusive possession of a vehicle in which illegal drugs are found, the mere presence or access to the drugs, standing alone, is insufficient to show possession absent some other incriminating circumstances. 304 Kan. at 434 (nonexclusive possession of premises); *State v. Simmons*, No. 121,042, 2020 WL 4250115, at *2 (Kan. App. 2020) (unpublished opinion) (nonexclusive possession of a vehicle).

The State argues that nonexclusive possession of the truck is not at issue because the capsule containing methamphetamine was in Douglas' pocket. But the flaw in the State's argument is that it requires this court to view the evidence in the light most

5

favorable to the State instead of properly viewing the evidence in the light most favorable to Douglas who requested the instruction. Bohringer testified that he saw the capsule in Douglas' pocket. Douglas testified that the capsule was not in his pocket and that he knew nothing about any drugs or drug paraphernalia in the truck. The jury's verdict does not make clear whether the jury believed the capsule had been in Douglas' pocket or the driver's seat of the truck. We must view the evidence in the light most favorable to Douglas to determine whether the jury instruction he requested was appropriate. *Williams*, 303 Kan. at 598-99. Thus, the State cannot rely on the capsule being in Douglas' pocket to assert that nonexclusive possession over the truck is immaterial.

A criminal defendant generally is entitled to an instruction on the law applicable to his or her theory of defense if the instruction would be both legally and factually appropriate. *State v. Dupree*, 304 Kan. 377, 397, 373 P.3d 811 (2016). Douglas' sole defense at trial was that the methamphetamine and drug paraphernalia found in the truck must have belonged to another person with access to the truck. Based on the record before us, Douglas' requested instruction on nonexclusive possession was legally and factually appropriate and the district court erred by failing to give the instruction. We now turn to the third step of our analysis to determine whether the error requires reversal.

Here, the State as the party who benefitted from the error bears the burden of showing there is no reasonable probability that the jury instruction error affected the outcome of the trial in light of the entire record. *McCullough*, 293 Kan. 970, Syl. ¶ 9. In its brief to this court, the State's entire argument on harmless error is as follows:

> "Even if the instruction could be deemed legally or factually appropriate, . . . there is no reasonable possibility that the giving of the instruction would have affected the outcome of the case. Again, the methamphetamine was found in [Douglas'] pocket. The syringe, and the spoon used to inject and ingest methamphetamine were found in the truck he was driving."

6

Once again, the State's argument misses the point. The evidence about whether the methamphetamine was found in Douglas' pocket was disputed. And although Bohringer found a pill bottle in Douglas' pocket which contained two plastic baggies with a white residue, this evidence did not support either the possession of methamphetamine charge or the possession of drug paraphernalia charge that were submitted to the jury. Douglas' entire defense at trial was that the methamphetamine and drug paraphernalia found in the truck must have belonged to another person with access to the truck, and there was evidence at trial that supported this defense. Douglas had a right to receive his requested jury instruction on nonexclusive possession of the vehicle, and we conclude the State has failed to meet its burden of showing that the instructional error was harmless.

In sum, the district court committed reversible error by failing to give Douglas' requested jury instruction on nonexclusive possession of the vehicle. As a result, we reverse Douglas' convictions and remand for a new trial. Douglas makes two other claims on instructional error in this appeal. Because these same issues may arise in Douglas' new trial, we will briefly address the other two claims of instructional error.

*Did the district court err by failing to give a unanimity instruction?*

Douglas next argues that the district court clearly erred by failing to instruct the jury that its verdict must be unanimous as to which acts constituted the crimes charged. The State argues that unanimity instructions are only appropriate for multiple acts cases and this case did not involve independent criminal acts.

We set forth our standard of review when analyzing jury instruction issues in the last section of this opinion. When a party asserts an instruction error for the first time on appeal, the failure to give a legally and factually appropriate instruction is reversible only if the failure was clearly erroneous. *State v. Butler*, 307 Kan. 831, 845, 416 P.3d 116 (2018). To establish clear error, "'the defendant must firmly convince the appellate court

7

that the giving of the instruction would have made a difference in the verdict.' [Citation omitted.]" *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016).

The pattern jury instruction requiring a unanimous verdict in a multiple acts case is found at PIK Crim. 4th 68.100 and states: "The State claims distinct multiple acts which each could separately constitute the crime of [insert crime]. In order for the defendant to be found guilty of [insert crime], you must unanimously agree upon the same underlying act." Douglas did not request a unanimity instruction at trial. Thus, this court's review of the issue is limited to clear error. *Butler*, 307 Kan. at 845.

On the methamphetamine possession charge, Douglas argues that the jury could have found him guilty relying on either the capsule on the driver's seat or the baggies with residue in a prescription bottle in Douglas' pocket. But the residue in the baggies was never tested by the KBI and there was no evidence at trial that the residue was methamphetamine. Feldbauer testified that the capsule contained methamphetamine and that was the only evidence to support the methamphetamine possession charge.

On the possession of drug paraphernalia charge, the district court instructed the jury that either the capsule or the syringe could be considered drug paraphernalia intended or designed for use in storing and containing a controlled substance. Thus, there were two items of drug paraphernalia that could have supported the possession of drug paraphernalia charge. But when drugs or drug paraphernalia are found in multiple locations inside a vehicle, the case does not involve multiple acts each constituting a separate crime. *State v. Unruh*, 281 Kan. 520, 528-29, 133 P.3d 35 (2006); see also *State v. Hazley*, 28 Kan. App. 2d 664, 671, 19 P.3d 800 (2001) (involving multiple items of drugs found in various locations throughout the defendant's home).

In sum, this is not a multiple acts case. Thus, the district court did not err in failing to give a unanimity instruction to the jury.

*Did the district court err by instructing the jury that any amount of methamphetamine is sufficient to prove possession?*

Douglas argues that the district court erred by instructing the jury that any amount of methamphetamine suffices to sustain a conviction. As part of jury instruction No. 6 on the elements of possession of methamphetamine, the district court instructed the jury: "Proof of possession of any amount of a controlled substance suffices to sustain a conviction even if the amount is not measurable or usable." Douglas did not object to the instruction at trial, so we review for clear error. *Butler*, 307 Kan. at 845.

The language in jury instruction No. 6 that Douglas complains about on appeal is not included in PIK Crim. 4th 57.040 defining possession of a controlled substance. But our Supreme Court has noted that "proof of the possession of *any* amount of a controlled substance is sufficient to sustain a conviction even though such amount may not be measurable or usable." *State v. Brown*, 245 Kan. 604, 613-14, 783 P.2d 1278 (1989). Moreover, possession of a controlled substance occurs when an individual possesses "*any* opiates, opium or narcotic drugs . . . ." (Emphasis added.) K.S.A. 2017 Supp. 21-5706(a). Thus, the instruction given by the district court was legally appropriate.

But it is less clear whether the instruction was factually appropriate based on the evidence presented at trial. Douglas was not convicted for possessing the suspected methamphetamine residue on the plastic baggies that was never tested by the KBI. Instead, his conviction of possession of methamphetamine was based only on the methamphetamine found in the capsule located on the driver's seat. At trial, Feldbauer testified there was sufficient substance in the capsule to be tested. Based on this evidence, it was probably unnecessary for the district court to instruct the jury that possession of any amount of a controlled substance is sufficient to sustain a conviction "even if the amount is not measurable or usable."

We find that the district court did not commit clear error by giving the instruction Douglas complains about on appeal because we are not firmly convinced that the outcome of Douglas' trial would have been different had the instruction not been given. See *Cooper*, 303 Kan. at 771. But we question whether the instruction needs to be given at Douglas' new trial assuming the evidence in that trial is the same as the evidence that was presented in his first trial.

Reversed and remanded.